# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

WILBUR E. GIFFORD, III, individually,
and on behalf of all those similarly
situated; PAUL VANN, individually,
and on behalf of all those similarly
situated; and TESS FULLER, individually,
and on behalf of all those similarly
situated; BERNICE SOLOMON,
EMORY SOLOMON, DEBBIE BOHNER,
SUSAN BOHNER, KENNETH BRIGHAM,
LASSIE CANTY HOLLOWAY, CARL HOLLOWAY,
JALYNA CANTY, VERONICA AGEE-KELLUM,
OLENZIA EVANS, BERNADETTE EVANS,
HELEN MADISON, LEROY CARNEGIE,

CASE NO.:   07-11541

DIVISION:   "H"

       Plaintiffs,

v.

CITY OF TAMPA, a municipal corporation;
PAMELA D. IORIO, WILLIAM DOHERTY,
CURTIS LANE, SAM SMITH, JORGE MARTIN,
NICK D'ANDREA, and W.D. RYAN,

       Defendants.

_____/

Amended  **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiffs, WILBUR E. GIFFORD, III, individually, and on behalf of all those

similarly situated; PAUL VANN, individually, and on behalf of all those similarly situated; and TESS

FULLER, individually; BERNICE SOLOMON, EMORY SOLOMON, DEBBIE BOHNER, SUSAN

BOHNER, KENNETH BRIGHAM, LASSIE CANTY HOLLOWAY, CARL HOLLOWAY,

JALYNA CANTY, VERONICA AGEE-KELLUM, OLENZIA EVANS, BERNADETTE EVANS,

HELEN MADISON, LEROY CARNEGIE, and on behalf of all those similarly situated, by and

through their undersigned counsel hereby file this Complaint against Defendants, CITY OF TAMPA, a municipal corporation; PAMELA D. IORIO; WILLIAM DOHERTY; CURTIS LANE; SAM SMITH; JORGE MARTIN; NICK D'ANDREA; AND W.D. RYAN, in support hereof, would state unto the Court as follows:

1.      This is an action for damages in excess of $15,000.00, exclusive of interest, attorney's fees and costs.

2.      At all times material, CITY OF TAMPA was and is a municipal corporation organized and existing under the laws of the State of Florida.

3.      At all times material hereto, WILBUR E. GIFFORD, III ("GIFFORD") was the owner of personal and real property located at 4402 East Hillsborough Avenue, Tampa, Florida, known as the End Gate Mobile Home Park, (hereinafter "subject property"). A copy of the Deed, dated August 1, 2003 and recorded in O.R. Book 12947, Page 772, Official Records of Hillsborough County, Florida, of said property owned by GIFFORD is attached hereto and incorporated herein by reference as Exhibit "A."

4.      At all times material hereto, PAMELA D. IORIO ("IORIO" or "MAYOR"), was acting as an employee of the CITY OF TAMPA, in the course and scope of her employment with the CITY OF TAMPA, as the Mayor thereof.

5.      At all times material hereto, WILLIAM DOHERTY ("DOHERTY"), was acting as an employee of the CITY OF TAMPA, in the course and scope of his employment with the CITY OF TAMPA, in matters relating to Code Violations and Enforcement.

6.      At all times material hereto, CURTIS LANE ("LANE"), was acting as an employee of the CITY OF TAMPA, in the course and scope of his employment with the CITY OF TAMPA,

2

in matters relating to Code Violations and Enforcement.

7. At all times material hereto, SAM SMITH ("SMITH"), was acting as an employee of the CITY OF TAMPA, in the course and scope of his employment with the CITY OF TAMPA, in matters relating to Code Violations and Enforcement.

8. At all times material hereto, JORGE MARTIN ("MARTIN"), was acting as an employee of the CITY OF TAMPA, in the course and scope of his employment with the CITY OF TAMPA, in matters relating to Code Violations and Enforcement.

9. At all times material hereto, NICK D'ANDREA ("D'ANDREA"), was acting as an employee of the CITY OF TAMPA, in the course and scope of his employment with the CITY OF TAMPA, in matters relating to Code Violations and Enforcement.

10. At all times material hereto, W. D. RYAN ("RYAN"), was acting as an employee of the CITY OF TAMPA, in the course and scope of his employment with the CITY OF TAMPA, in matters relating to Code Violations and Enforcement.

11. At all times material, GIFFORD was and is the owner of the equipment which was stored at the real property located at 4402 East Hillsborough Avenue, Tampa, Florida.

12. On or about August 18, 2003, GIFFORD met with CITY OF TAMPA Code Enforcement Officer Don Scott, on the subject property, with regard to certain alleged City Code violations such as overgrowth, inoperable vehicles, inadequate addresses on homes/structures, and perhaps other Code violations which constituted only nuisances. At the August 18 meeting with Mr. Scott, Mr. Scott advised GIFFORD that GIFFORD was making good progress addressing code compliance concerns about the subject property, and to keep up the effort, which GIFFORD did.

3

13.   At the time of the subject August 18 meeting between Ms. Scott and GIFFORD, the two were already aware of an upcoming August 20, 2003 code enforcement hearing scheduled to address the aforementioned alleged Code violations.

14.   Just prior to the August 20, 2003 hearing before a Hearing Master, Mr. Scott advised GIFFORD that Mr. Scott would suggest that the Hearing Master afford GIFFORD an additional thirty (30) days within which to cure said violations, but for GIFFORD to request ninety (90) and the Hearing Master would likely provide GIFFORD sixty (60) days.

15.   At the August 20, 2003 hearing, the Hearing Master determined that GIFFORD had complied with three violation notices pertaining to "Deteriorated Structure"; and that he had sixty (60) days (until on or about October 23, 2003) to cure/remedy violations for "Accumulations" (unsightly items on the subject property), "Inoperative Vehicles" and "Public Nuisance," which GIFFORD addressed immediately subsequent to said August 20, 2003 hearing.

16.   The subject property was improved with 99 concrete mobile home pads, two separate buildings containing six apartments each, a recreation center, a restaurant, and 9 cottages/duplexes.

17.   Eighty two (82) mobile homes were located on the mobile home pads. Of these 82 mobile homes on the subject property, GIFFORD owned 63 mobile homes located on Lots 144, 142, 149B, 117, 26, 27, 28, 5, 7, 3, 15, A4, A3, B, C, D, E, F, 101, 106, 108, 209, 211, 11, 118, 120, 122, 39, 124, 126, 130, 229, 227, 225, 219, 232, 230, 228, 226, 220, 218, 216, 214, 212, 210, 208, 206, 204, 202, 303, 305, 315, 317, 319, 321, 323, 327, 331, 335, 312, 310.5, 310, and 308. The mobile homes, concrete mobile home pads, apartment buildings and the cottages/duplexes are hereinafter referred to "homes" or "structures".

4

18. All the homes, recreation center and restaurant on the subject property were serviced by a central well with underground piping, and a pump house which were owned by GIFFORD.

19. All the homes, recreation center and restaurant on the subject property were serviced by and electrical service lateral running underground from the on-site meters to each of the improvements. The service pole, meter cans, as well as the disconnect and service lateral to each of the homes and buildings were owned by GIFFORD.

20. The homes, recreation center and restaurant on the subject property were serviced by underground septic systems. There was approximately one septic system per two homes. The underground septic system was owned by GIFFORD.

21. GIFFORD leased the homes to others ("residents").

22. The residents of the respective mobile homes and apartments, for whose benefit the instant action is brought, and on behalf of whom the Class Representatives of the Proposed Class is proceeding, all of whom at all times material hereto were residents of the subject property, include but are not necessarily limited to the following individuals:

> **VERONICA AGEE;** JUNIA ALEXANDER; **ALLISON or ALICIA ALLEN; ROBERTO ALVAREZ; JUANITA ALVELINO or VELINO;** THOMASINA AUSTIN; BETTY BATTLES; ERIC BEDSOLE; **MARIE or MARIO BELLAMY;** BETTY BLACK; **DANNY BLANKSHIP; MARY BLEMONEY;** ANDREW BLOCKER; JOE BLUMENTHAL; DEBBIE BOHNER; SUSAN BOHNER;MARY BOWMAN; **FRANK BRAIN;**CORY BROOKS;CATINA BROWN;FRANK BRYANT;LEROY CARNEGIE; **C.C.; JOSE CINTRON;** JEFF COMER; **MARTINZA CONTRIOR; OCTAVIUS CRAWFORD;** JAMES DAVIS; LUIS DeGEORGE; VICTOR De La ROSA; LINDA DENZEL; SAMMY DIAZ; TOMMY DIGGER;JAMES DIXON; **SHIRLEY DORMAN or SHERLA DOORMAN;** KIMBERLY DOTY; **DAVID DRUAN or DAVID DURANT;**FRANCIS EUSTACTTE; **BERNEDETTE EVANS; JAMES FLOWER or FOWLER;**CHARLES FORD; JAMES FORD; JESSIE FULLER; GEORGE GARDNER; THOMAS GODWIN; **GORGE**

GRANER; CLAUDE HALL; DARLENE HARRISON; **REBECA HARRISON**; **MARK HENRICK or HENSEL**; **CECILLIA HERNANDEZ**; CARL HOLLAWAY; **GERALD IGLES**; ELI IPINA; ALLEN JACKSON; HERMAN JACKSON; TERRI JACKSON; ALEN JESKERS; ANNA JOHNSON; ANN JOHNSON; SABRINA JOHNSON; ROBERT JONES; **JUNIA; MAMSON OR MANSON KANTZMAN; VERONICA KELLEM or KELLUM**; ALBERT KENNEDY; DON KNIGHT; **JAMES LANDRUM or LEE; HAL LANGFORD**; ISYAPHINA LEWIS; BILL LORD or LORDS; HAL LUNSFORD; HELEN MADISON; VIVIAN MARTINEZ; CHARLES McBRIDE; JENNIFER McSWAIN; VIKTOR MIRANDA; LUTRICIA MONROE; GEORGE MOORE; MARY MOORE; THOMAS MURDOCK; AGNES POWELLETTE; **BETTY REED and/or VICTORIA KETUWERTY**; LINDA REYES; WILLARD RICHARDSON; **RIGO or RIGOBERTO**; CARRIE ROBERTS; JAMES and JOYCE ROBERTS; **MELVIN SANDER or SANDERSON**; KIM SANTIAGO; DENNELLE SCOTT; CHRIS SHELTON; CONNY SHELTON; OBY SMITH; EMORY SOLOMON; BERNICE SOLOMON; **JOE SOMNO**; JEANETTE STEWART; TURINA STOUT; **ASTON TOMMICK**; WILLIE TONY; **SHERRY or CHERRIEE TOZER**; ANGELO TRAINER; **JESSINE TRILLER**; PAUL VANN; **JUANNA VAZQUEZ**; NEOPOLIN WARTHEN; STAN WASHINGTON; WANDA WASHINGTON; WILLY WATTS; CHRISTINA WAY; WILLY WHITE; MARTHA ZAVALA; **AND ANY AND ALL OTHER RESIDENTS OF END GATE MOBILE HOME PARK.**

23.   On Sunday, September 7, 2003, MAYOR PAM IORIO, visited the subject property with persons from the City of Tampa Fire Department.

24.   The next morning, on Monday, September 8, 2003, CITY OF TAMPA Code Officials (Susan Sexton and Mike Williams) arrived unannounced on the subject property and advised GIFFORD that the MAYOR had sent them out to inspect the subject property. GIFFORD's maintenance persons accompanied the code enforcement officers to take notes on what work needed to be performed.

25.   One of the city code officials, Susan Sexton, indicated that the only urgent situation pertained to trailer number 305, and sewer line serving Lots 214 and 216. She indicated that the remaining repairs were minor.

26.   Unbeknown to GIFFORD, WILLIAM DOHERTY, CITY OF TAMPA's Chief Code Enforcement Officer, called Herb Walker of H. B. Walker Inc., on September 8, 2003, and requested that his company be prepared to begin emergency demolition of the subject property by the next day, Tuesday, September 9, 2003.

27.   H. B. Walker Inc. is the demolition company on contract with the CITY OF TAMPA.

28.   On September 9, 2003, GIFFORD was advised by code enforcement officials, Susan Sexton and Mike Williams, that GIFFORD must make sufficient progress in performing the required work, otherwise the MAYOR would shut down the property.

29.   During the year or two prior to September 8, 2003, CITY OF TAMPA officials and other employees were working with GIFFORD (in his capacity as a representative of the owner (Ferida Mohammed) of the subject property with regard to maintenance issues; and in his capacity as owner of the subject property, which he had purchased from Ferida Mohammed, for a brief time prior to September 8, 2003) to remedy certain violations with which the subject property had been cited.

30.   A no time during the year or two prior to September 8, 2003, or at any time prior thereto to best of the knowledge and belief of the undersigned, did any of the citations or alleged Code violations with which the subject property had been cited rise to the level of either (a) constituting a hazard to the safety, health or welfare of the occupants (residents) or to the general public because the homes or structures lacked maintenance, sanitary facilities or

otherwise fail to comply with standards of the Code such that any home or structure on the subject property was unfit for human habitation; or (b) any of the homes or structures being so unsafe as to endanger life or limb and that the danger to life or limb was so imminent so as to require immediate action in response to an emergency.

31. During the year or two prior to September 8, 2003, GIFFORD was never informed that the subject property was in danger of being condemned and/or demolished.

32. In fact, during the year or two prior to September 8, 2003, GIFFORD had taken substantial efforts and made substantial progress in cleaning up the subject property and remedying Code violations with which the the subject property had been cited.

33. On September 10, 2003 the MAYOR visited the subject property again. IORIO expressed dissatisfaction with the fact that code enforcement had not started moving people out and tearing down the homes.

34. On the same day, code enforcement officers began posting placards on the improvements stating the property was being condemned and that the homes were going to be demolished. The residents were forced to leave.

35. As of September 10, 2003, the homes were occupied by residents and contained personal belongings owned by the residents.

36. On or about September 110, 2003, the city caused Tampa Electric Company ("TECO") to turn off the power to the subject property depriving all of the homes, the recreation center and the restaurant of electricity, notwithstanding that the electric bills were current.

37.  The subject property's pump house utilized electricity so that when the CITY OF TAMPA shut off the electricity, the water service to the homes, the recreation center and the restaurant on the subject property was also shut off.

38.  On September 10, 2003, the CITY OF TAMPA requested H.B. Walker to begin demolition of the subject property.

39.  The CITY OF TAMPA caused to be delivered port-o-lets to the site and set up tables in anticipation of the demolition.

40.  The demolition could not begin because a demolition permit had not been issued.

41.  On September 11, 2003, the CITY OF TAMPA issued a permit to H. B. Walker, Inc. to begin demolition of the subject property.

42.  Prior to the beginning of demolition, residents named hereinabove were notified by CITY OF TAMPA Officials that they had 24 hours to vacate the subject property or they would be subject to arrest. CITY OF TAMPA offered $500.00 vouchers to the residents to relocate their mobile home to other mobile home parks (all or some of which would not even accept said vouchers), and CITY OF TAMPA permitted relocation of one or more mobile homes owned by certain residents. Many, if not most, of the residents left without being able to obtain or otherwise secure any or all of their personal property, including clothing, appliances, furnishing, houseware, pets, items of sentimental value, and other items which one acquires during one's life.

43.  Prior to the institution of the instant action, Plaintiff, GIFFORD, filed a lawsuit against H.B. Walker, in the 13th Judicial Circuit Court, Hillsborough County, Florida, Case No.:04-6638,

Division I, during which Plaintiff served a Subpoena Duces Tecum on the CITY OF TAMPA requesting certain documentation relating to the subject property.

44.   The CITY OF TAMPA responded to the aforementioned Subpoena Duces Tecum by providing numerous documents including, but not limited to, Inspection Reports, Condemnation Reports, Neighborhood Improvement Division documents, documents signed by CITY OF TAMPA officials authorizing condemnation and demolition, Emergency Demolition Orders, and photographs of the subject property, pertaining to the homes and structures named hereinabove.

45.   Of the documents provided to the undersigned pursuant to the aforementioned Subpoena Duces Tecum, there were no Inspection Reports provided, and/or otherwise generated, with respect to the homes or structures located on Lots A3, A4, B, G-103, 1, 2, 3, 4, 5, 10, Apt. 11, Apts. 18-23, 108, 124, 130, 149B, 208, 210, 214, 216, 218, 219, 228, 230, 305, 307, 310½, 319, 321, 331, 335, and the Recreation Center.

46.   Of the documents provided to the undersigned pursuant to the aforementioned Subpoena Duces Tecum, there were Inspection Reports provided, with respect to the homes or structures located on lots A1, C, D, E, 5/6, 7/8, 9, 11, 13/15, 25, 26, 27, 28, 39, Apt. 44-49, 100, 101, 102, 104, 106, 115, 117, 118, 120, 121, 122, 126, 142, 144, 149X, 202, 204, 206, 209, 211, 212, 213, 220, 221, 223, 224, 225, 226, 227, 229, 231, 232, 301, 303, 304, 308, 310, 312, 313, 315, 317, 323, 324, 326, 327, 333, and the Restaurant.

47.   With regard to Lots 28, 202, 209, and 212, Inspection Reports were prepared twice, dated September 8 and 11, 2003 respectively.

10

48.  Of the documents provided by the CITY OF TAMPA in response to the subject Subpoena Duces Tecum, there were Condemnation Reports provided, as referenced in the immediately following paragraphs, with regard to the homes or structures referenced therein.

49.  With regard to Lots 210, 218, 219, 228, and 331, Condemnation Reports were prepared, dated September 8, 2003.

50.  With regard to Lots 214, 216, 303, 304, 305, 307, 310½, 319, 321, and 335, Condemnation Reports were prepared, dated September 9, 2003.

51.  With regard to Lots 126, 149X, 208, 230, Condemnation Reports were prepared on September 11, 2003.

52.  With regard to Lots B, and 130, Condemnation Reports were prepared on September 16, 2003.

53.  With regard to Lots 220, 223-227, 231, 232, 310, 315, and 317, Condemnation Reports were prepared on September 17, 2003. With regard to Lots 231 and 326, Condemnation Reports was prepared again on December 23, 2003, and January 5, 2004; and with regard to Lots 304, and 333, Condemnation Reports were prepared again on January 5, 2004.

54.  With regard to Lots 204, 206, 211, 212, and 313, Condemnation Reports were prepared on September 18, 2003.

55.  With regard to Lots A3, A4, 1-4, 5/6, 7/8, 9, 10, Apt. 11, 13/15, Apt. 18-23, Apt. 44-49, and Restaurant, Condemnation Reports were prepared on September 19, 2003.

56.  With regard to Lot 101, a Condemnation Report was prepared on September 22, 2003.

57.  With regard to Lot 221, a Condemnation Report was prepared on September 23, 2003.

58. With regard to Lots A1, C, D, E, 11, 26, 28, 106, 108, 117, 122, 202, 209, 301, 308, and 323, Condemnation Reports were prepared on September 24, 2003.

59. With regard to the Recreation Center, a Condemnation Report was prepared on September 24, 2003, again on January 9, 2004, and again on May 4, 2000.

60. With regard to Lots 118, 213, 312, 324, and 327, Condemnation Reports were prepared on December 23, 2003.

61. With regard to Lots 7, 25, 27, 120, 121, and 144, a Condemnation Report was prepared on December 29, 2003.

62. With regard to Lots 115, 142, and 149B, a Condemnation Report was prepared on December 30, 2003.

63. With regard to Lots 104, a Condemnation Report was prepared on January 5, 2003.

64. With regard to Lots 104, a Condemnation Report was prepared on January 6, 2003.

65. Of the documents provided to the undersigned pursuant to the aforementioned Subpoena Duces Tecum, there were no Condemnation Reports provided, and/or otherwise generated, with respect to the homes or structures located on Lots F/103, 5, 39, 102, 124, and 229.

66. The CITY OF TAMPA directed H.B. Walker to begin demolishing the Lots, and structures thereon, at the back of the subject property and move toward the front.

67. Mike Williams, a code enforcement official specified the first seven homes that were to be removed. The Lots to be demolished were A3, A4, 204, 206, 211, 212 and 313.

68. Mike Williams requested that everything be removed including concrete slabs, utilities, vegetation under 3 inches and all mobile homes.

69.   On the same day, September 11, 2003, the CITY OF TAMPA caused to be prepared an Inspection Report relating to Lots 204, 206, 211, 212 and 213.  A copy of the Inspection reports for the Lots are attached hereto as Composite Exhibit "B."

70.   On September 11, 2003, The CITY OF TAMPA also caused to be prepared Inspection Reports for Lots 220, 223, 224, 225, 226, 232, 310, 315 and 317. A copy of the Inspection reports for the Lots are attached hereto as Composite Exhibit "C."

71.   The Inspection Reports provided GIFFORD with 21 days to correct the violations, and identified the violations therein.

72.   On September 12, 2003, GIFFORD was advised by WILLIAM DOHERTY that he was not allowed to repair anything on the subject property, that the CITY OF TAMPA was going to take the subject property, and that GIFFORD should stay off the subject property or he would be arrested.

73.   Despite the 21 day time period in which to correct any violation, on September 12, 2003, the CITY OF TAMPA caused to be demolished the homes, concrete pads, septic systems, and electrical and water lines (hereinafter referred to as "appurtenances") located on Lots A3, A4, 204, 206, 211, 212 and 313.

74.   Personal belongings owned by the residents were still in the homes at the time of the demolition.

75.   On September 18, 2003, after the Lots were demolished, CITY OF TAMPA caused to be prepared a Condemnation Report relating to said Lots A3, A4, 204, 206, 211, 212 and 213 (Action File # 03-21066).  None of the Condemnation Reports identify any of the Lots as

being a public nuisance, except for Lot A3. A copy of the Condemnation Reports are attached hereto and incorporated herein by reference as Composite Exhibit "D."

76.    On September 23-24, 2003, after the seven lots were demolished, the CITY OF TAMPA's Condemnation Review Team approved condemnation of Lots A3, A4, 204, 206, 211, 212 and 213. A copy of the Condemnation Site Review is attached hereto as Exhibit "E."

77.    On September 25, 2003, again, after the seven homes and apurtenances were demolished, an Emergency Order to Demolish Lots A3, A4, 204, 206, 211, 212, and 213, was issued by the CITY OF TAMPA relating to Action File No. 03-21066. The Order specifically states that "you may appeal this order to the Code Enforcement Board within 21 days from the date the Order was served."

78.    On September 28, 2003, the Emergency Order to Demolish relating to Lots A3, A4, 204, 206, 211, 212, 313 (Action File No. 03-21066) was delivered to GIFFORD. A copy of said Emergency Order to Demolish, dated September 25, 2003 and recorded in Official Records Book 13141, Page 1940, of the Official Records of Hillsborough County, Florida, relating to Action File No. 03-21066, along with the Notice of delivery, are attached hereto as Composite Exhibit "F,"and incorporated herein by reference thereto.

79.    The subject Emergency Order to Demolish stated that the structures were condemnable pursuant to §9-5(5) and §19-7, of the City of Tampa's Code, and that the structures constituted a nuisance as defined in §19-48 and §19-49 of the City Code. The subject Emergency Order to Demolish specifically states that "you may appeal this order to the Code Enforcement Board within 21 days from the date this order was served upon you."

80.    On October 1, 2003, GIFFORD filed a Notice of Appeal as to Action File No. 03-21066. A copy of said Notice of Appeal is attached hereto and incorporated herein by reference as Exhibit "G."

81.    The subject Emergency Order to Demolish demands that the structure be vacated and demolished by September 26, 2003, despite the fact that the Emergency Order to Demolish was not delivered to GIFFORD until two days later, on September 28, 2003.

82.    On September 29, 2003, after the seven homes and appurtenances were demolished, the CITY OF TAMPA issued an Authorization To Proceed with Demolition to H.B. Walker Inc. A copy of said Authorization To Proceed is attached hereto as Exhibit "H."

83.    On or about September 14, 2003, the CITY OF TAMPA caused to be demolished the homes, concrete pads and appurtenances on Lots B, 130, 220, 223, 224, 225, 226, 230, 232, 305, 310, 315 and 317, as well as Lots 208, 210, 214, 216, 218, 219, 228, 307, 310.5, 319, 321, 331 and 335.

84.    On September 16th, after the demolition of the Lots had commenced, the CITY OF TAMPA prepared a Condemnation Report relating to Lots B, 130, 220, 223, 224, 225, 226, 230, 232, 305, 310, 315 and 317 (Action File # 03-20801). Of those Lots, only Lot B, 130 and 230 were identified as a public nuisance. A copy of the Condemnation Reports for Action File # 03-20801 is attached hereto as Composite Exhibit "I."

85.    On September 19, 2003, after the above-referenced homes, concrete pads and appurtenances had been demolished, CITY OF TAMPA issued an Emergency Order to Demolish Lots B, 130, 220, 223, 224, 225, 226, 230, 232, 305, 310, 315 and 317, relating to Action File No. 03-20801. A copy of said Emergency Order dated September 19, 2003 and recorded in O.

R. Book 13117, Page 1240, of the Official Records of Hillsborough County, Florida, is attached hereto and incorporated by reference as Exhibit "J."

86.  The September 19 Emergency Order to Demolish stated that the structures were condemnable pursuant to§9-5(5) and § 19-7, of the City of Tampa's Code, and that the structures constituted a nuisance as defined in §19-48 and §19-49 of the City Code. The Emergency Order to Demolish specifically states that "you may appeal this order to the Code Enforcement Board within 21 days from the date this order was served upon you." (See Exhibit "J").

87.  On October 1, 2003, GIFFORD filed a Notice of Appeal as to Action File No. 03-20801. A copy of said Notice of Appeal is attached hereto and incorporated herein by reference as Exhibit "K."

88.  On or about October 7, 2003, a Notification of Violation was prepared and forwarded to GIFFORD, along with a Notice of Public Hearing, set for the next day, October 8, 2003 relating to Action File No. 03-20801. The Notice of Public Hearing stated that the purpose of the hearing was to provide "an opportunity to answer the charges and to present [GIFFORD'S] case." A copy of said Notice of Public Hearing with the attached Notice of Violation is attached hereto and incorporated herein by reference as Exhibit "L."

89.  On September 8, 2003 and September 9, 2003, Condemnation Reports were filed as to Lots 210, 214, 216, 218, 307, 310.5, 319, 321, 331 and 335 (Action File # 03-19734). None of the Condemnation Reports reflect that any of the Lots were declared a public nuisance. A copy of said Condemnation Reports are attached hereto and incorporated herein by reference as Composite Exhibit "M."

90.   On September 10, 2003, the CITY OF TAMPA cause to have prepared an Emergency Order to Demolish relating to Action File No. 03-19734, for Lots 208, 210, 214, 216, 218, 219, 228, 310.5, 307, 319, 321, 331 and 335.

91.   The Emergency Order, dated September 10, 2003, referencing Action File No. 03-19734 states "you may appeal this order to the Code Enforcement Board within 21 days from the date this Order was served upon you." A copy of said Emergency Order to Demolish, dated September 10, 2003 and recorded in Official Records Book 13080, page 1797, of the Official Records of Hillsborough County, Florida, referencing Action File No. 03-19734, is attached hereto and incorporated herein by reference as Exhibit "N."

.   The September 10 Emergency Order states that the structures were condemnable pursuant to §9-5(5) and § 19-7, of the City of Tampa's Code, and that the structures constituted a nuisance as defined in §19-48 and §19-49 of the City Code.

93.   The September 10 Emergency Order demands that the structures be vacated and demolished by September 10, 2003. The Order to Demolish was not provided to GIFFORD until September 11, 2003.

94.   On October 1, 2003, GIFFORD filed a Notice of Appeal as to Action File No. 03-19734. A copy of said Notice of Appeal is attached hereto and incorporated herein by reference as Exhibit "O."

95.   On October 7, 2003, after the homes, concrete pads and appurtenances were demolished, an Affidavit of Violation and Notification of Violation relating to Action File No. 03-19734 was prepared as to Lots 208, 210, 216, 214, 218, 219, 228, 310.5, 307, 319, 321, 331 and 335. Said Notification of Violation was delivered on October 7, 2003 to GIFFORD along with a

copy of the Notice of Public Hearing, notifying GIFFORD of the hearing on the violations as stated within the Affidavit of Violation for the next day, October 8, 2003. A copy of said Notice of Public Hearing, along with the attached Affidavit of Violations and Notification of Violations are attached hereto and incorporated by reference as Composite Exhibit "P."

96.  GIFFORD appeared at the public hearing scheduled for October 8, but the Lots had already been demolished rendering the proceeding moot.

97.  The debris from the demolished Lots was not removed from the subject property until the end of September, 2004.

98.  During the demolition of the first seven homes, the underground improvements including the underground electrical service lateral, the underground septic system, and the central well and underground piping were all unnecessarily destroyed.

99.  As a result of the initial demolition of the seven homes and corresponding destruction of the water, electrical and septic service, none of the remaining homes temporarily left standing, the equipment nor the buildings could be utilized by GIFFORD and/or the residents.

100. As a result of CITY OF TAMPA's actions, the subject property and all improvements that existed or once existed thereon were no longer usable by GIFFORD and the residents.

101. Among the reasons given by representatives of the CITY OF TAMPA in justification of their actions were reasons such as that the mobile homes did not have "hurricane tie-downs"; there was sewer water running in the streets; the homes or structures were unfit for human habitation; the mobile homes constituted a nuisance; and that the homes or structures wre damaged, deteriorated, or defective to such an extent that the cost of restoration or repair thereof would exceed seventy-five percent (75%) of the assessed value thereof.

18

102. The CITY OF TAMPA continued its demolition activities on the subject property until all of the improvements were demolished and removed, including all utilities and appurtenances which served the homes and buildings, and only dirt and a few concrete slabs remained.

## CLASS REPRESENTATION ALLEGATIONS

103. The Plaintiffs, together with such other individuals that may join this action as class representatives, bring this action on their own behalf and as a class of all similarly situated persons who were residents on the subject property.

104. The number of members of the class affected by the Defendant's activity is believed to be at least sixty (60), but less than one hundred twenty-five (125), and so numerous that separate joinder of each member is impractical. There are no members of the class who have not yet already suffered damages as a result of the allegations herein.

105. This action poses questions of law and fact that are common to and affect the rights of all members of the class. In particular, at issue is the propriety of the Defendant's taking and subsequent destruction of real and personal property owned by the proposed Class Representatives and Members. The facts of the taking and destruction, as set forth hereinabove, was substantially the same or identical with respect to all Class representatives and members inasmuch as they were all given 24 hours to vacate their respective homes or be arrested. Thereafter, their homes and personal items (in varying degrees) were destroyed.

106. Based on the facts and circumstances set forth herein, the Plaintiffs' claims are typical of the claims of the Members of the Class. In particular, Class Representative Plaintiffs, GIFFORD, FULLER and VANN, as with the proposed Class Members, were all subject to directives by Code Enforcement Officials to leave the subject property or be arrested (GIFFORD was, in

19

fact, arrested); they all lost personal property in varying degrees (such as mobile homes, clothes, houseware, TV's, VCR's, furniture and other items accumulated throughout one's life) as a result of the actions of Defendant; and they all suffered similar losses of humiliation, shame and other intangible consequences due to the wrongful actions of Defendant. FULLER and VANN were residents of mobile homes, as were most of the persons proposed to be Members of the Class; and GIFFORD was the property owner who suffered similar losses and indignities at the hands of Defendant.

107. Further, other individual Plaintiffs may elect to join this action upon such grounds as the Court may set forth and these individuals will likewise have issues that are common to those of all other Class Members.

108. Common questions of fact and law exist as to all Members of the Class and such questions predominate over any questions solely affecting any individual Members of the Class.

109. Based on the facts and circumstances set forth herein, the Plaintiffs will fairly and adequately protect and represent the interests of each Member of the Class.

110. The Plaintiffs bring this Class Action pursuant to Rule 1.220(b)(3), Florida Rule of Civil Procedure, because common questions of fact and law exist as to all Class Members and such questions predominate over any questions solely affecting any individual Members of the Class.

111. Class treatment of this action is superior to other available methods for fair and efficient adjudication of this controversy. There will be no management problems with prosecution the case as a Class Action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the Defendants as follows:

a.  For an order that this action is properly maintainable under Florida rule of Civil Procedure 1.220(b)(3) and appointing the Plaintiffs to represent the Class defined herein;

b.  For an order appointing the Plaintiffs' law firm listed below as class counsel in this action;

c.  For an order approving the Plaintiffs as class representatives in this action along with such other persons who the Court may permit to join as class representatives;

d.  For an order requiring reasonable and adequate notice to be given to prospective class members following certification;

e.  For judgment on behalf of the Class, including but not limited to individuals expressly named herein, and against the Defendants for actual damages with respect to Counts II, IV, and VI, and any Counts to be added hereto, in an amount to be determined by a jury at trial, together with pre-judgment interest thereon, and reasonable attorneys' fees and costs pursuant to Florida and federal law.

f.  In the alternative to certifying the instant action as a Class, permit the residents named in the instant Complaint to be named as Party Plaintiffs to represent themselves, individually, and the allegations herein as to the Class Members as a whole, be broken into separate counts brought by each respective resident Plaintiff; and

g.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs, on behalf of themselves and all others similarly situated, who may join this action, hereby demand a trial by jury on all issues so triable against Defendants CITY OF TAMPA, a municipal corporation; PAMELA D. IORIO, WILLIAM DOHERTY, CURTIS LANE, SAM SMITH, JORGE MARTIN, NICK D'ANDREA and W.D. RYAN.

## - COUNT I -

### (Inverse Condemnation Action by GIFFORD vs. CITY)

112. This is an action for inverse condemnation brought by Plaintiff, GIFFORD, individually, against Defendant CITY OF TAMPA herein.

113. Plaintiff realleges and incorporates paragraphs 1-102, inclusive, hereinabove, as if fully set forth herein.

114. CITY OF TAMPA's physical invasion and demolition of the subject property, including said homes, concrete patios, appurtenances, the recreation center, the restaurant, and all other items on the property, resulted in a taking of GIFFORD's property without payment of compensation.

115. CITY OF TAMPA'S determination that the structures were condemnable was arbitrary and without support.

116. CITY OF TAMPA denied GIFFORD notice or an opportunity to be heard regarding the alleged code violation(s) on the subject property.

117. CITY OF TAMPA's actions were unlawful and in violation of their own code, state law and the Florida Constitution.

22

118. As a result of CITY OF TAMPA's unlawful and unauthorized actions, GIFFORD has lost the right to be heard; all economic value of the homes and appurtenances, the restaurant and recreational center and other structures and equipment; all economic value of the contents inside said homes and structures; as well as all infrastructure.

119. Defendant's willful, unlawful and unauthorized physical invasion and use of GIFFORD's private property constitutes a taking for which it is entitled to full compensation pursuant to Article X, Section 6 of the Florida Constitution.

120. CITY OF TAMPA's unlawful and unauthorized physical invasion has further resulted in the taking of any and all property and equipment which was stored and located on the subject property at the time of its unlawful demolition.

121. GIFFORD has received no compensation from CITY OF TAMPA as a result of its actions.

122. All conditions precedent to maintaining this action have been performed or have occurred. CITY OF TAMPA has previously agreed that GIFFORD has exhausted all administrative remedies.

123. GIFFORD claims that by reason of this inverse condemnation taking, CITY OF TAMPA is in violation of the Constitution of the State of Florida, and by the filing of this action, GIFFORD has been obliged to incur the services of the undersigned counsel and will and may incur other costs and expenses for the proper prosecution of this cause, including, but not limited to, such additional costs as appraisers, contractors, engineers, surveyors and photographers for which it is entitled to reimbursement as a part of full compensation pursuant to the Constitution and the laws of the State of Florida.

WHEREFORE, Petitioner, WILBUR E. GIFFORD, III, respectfully requests that this Honorable Court:

a.   Enter an Order declaring that GIFFORD's private and real property has been taken by CITY OF TAMPA without payment of full and just compensation and that GIFFORD is entitled to all damages directly and indirectly resulting from the taking including, but not limited to, damages for the property taken.

b.   Empanel a jury of twelve (12) persons to determine the issues of full and just compensation to be awarded to GIFFORD.

c.   Award attorneys' fees, costs, and interest; and

d.   Grand such other and further relief as this Court deems right and proper in this cause.

## - COUNT II -

### (Inverse Condemnation Action by RESIDENTS vs. CITY)

124.   Plaintiff hereby sues the Defendant, CITY OF TAMPA and realleges and incorporates herein paragraphs 1-102, inclusive, as set forth herein.

125.   This is an action for inverse condemnation brought by Plaintiffs, WILBUR E. GIFFORD, III, on behalf of all those similarly situated, PAUL VANN, individually, and on behalf of all those similarly situated; and TESS FULLER, individually, and on behalf of all those similarly situated; BERNICE SOLOMON, EMORY SOLOMON, DEBBIE BOHNER, SUSAN BOHNER, KENNETH BRIGHAM, LASSIE CANTY HOLLOWAY, CARL HOLLOWAY, JALYNA CANTY, VERONICA AGEE-KELLUM, OLENZIA EVANS, BERNADETTE EVANS, HELEN MADISON, and LEROY CARNEGIE, against the CITY OF TAMPA.

126. CITY OF TAMPA's physical invasion and demolition of the subject property resulted in a taking of the Class Representatives' and Class Members' ("Plaintiffs") property without payment of compensation.

127. CITY OF TAMPA's determination that the structures were condemnable was arbitrary and without support.

128. CITY OF TAMPA denied Plaintiffs' notice or an opportunity to be heard regarding the alleged code violation(s) on the subject property.

129. CITY OF TAMPA's actions were unlawful and in violation of their own code, state law and the Florida Constitution.

130. As a result of CITY OF TAMPA's unlawful and unauthorized actions, Plaintiffs have lost the right to be heard; all economic value of the homes and other structures; all economic value of the contents inside said homes and structures; as well as all infrastructure.

131. CITY OF TAMPA's willful, unlawful and unauthorized physical invasion and use of Plaintiffs' private property constitutes a taking for which they are entitled to full compensation pursuant to Article X, Section 6 of the Florida Constitution.

132. CITY OF TAMPA's unlawful and unauthorized physical invasion has further resulted in the taking of any and all property and equipment which was stored and located on the subject property at the time of its unlawful demolition.

133. Plaintiffs have received no compensation from CITY OF TAMPA as a result of its actions.

134. Plaintiffs claim that by reason of this inverse condemnation taking, CITY OF TAMPA is in violation of the Constitution of the State of Florida, and by the filing of this action, Plaintiffs have been obliged to incur the services of the undersigned counsel and will and may incur

other costs and expenses for the proper prosecution of this cause, including, but not limited to, such additional costs as appraisers, contractors, engineers, surveyors and photographers for which it is entitled to reimbursement as a part of full compensation pursuant to the Constitution and the laws of the State of Florida.

WHEREFORE, Plaintiffs named hereinabove, Class Representatives (acting on behalf of those similarly situated) and Class Members named herein or to be added at a later date, respectfully request this Honorable Court:

a. Enter an Order declaring that the Petitioner's private and real property has been taken by CITY OF TAMPA'S without payment of full and just compensation and that Petitioner is entitled to all damages directly and indirectly resulting from the taking including, but not limited to, damages for the property taken.

b. Empanel a jury of twelve (12) persons to determine the issues of full and just compensation to be awarded to Petitioner.

c. Award attorneys' fees, costs, and interest; and

d. Grand such other and further relief as this Court deems right and proper in this cause.

## - COUNT III -

### (Violation of Civil Rights, 42 U.S.C. §1983, by GIFFORD vs. INDIVIDUALS)

135. Plaintiff, GIFFORD, hereby sues the Defendants, PAMELA D. IORIO, WILLIAM DOHERTY, SAM SMITH, CURTIS LANE, JORGE MARTIN, NICK D'ANDREA, and

W.D. RYAN, individually, for violation of his Constitutional rights, and, as grounds therefore, states as follows:

136. Plaintiff realleges and incorporates paragraphs 1-102, inclusive, hereinabove, as if fully set forth herein.

137. The City of Tampa Municipal Code ("Code"), including, but not necessarily limited to, Chapters 9 & 19, govern the procedures with which the CITY OF TAMPA officials must comply with regard to inspection of properties and structures, issuance of citations for violations of the Code, notice to the owner and/or occupier of said property or structure, enforcing violation or continued violation (after proper notice) of said Code, condemnation and demolition of property and structures.

138. The Code requires certain notices to be delivered to the owner and residents of structures which are found to be non-compliant with the Code and, in the event of non-emergency situations, are provided certain time frames within which to remedy said violations.

139. Said applicable Ordinances require certain notices to be delivered to the owner and residents of structures which are found to be non-compliant with said Ordinances and, in the event, of emergency situations, are provided certain time frames within which to remedy said violations.

140. The Defendants named in the instant Count failed to comply with said Ordinances in that they failed to properly and timely notify Plaintiff in accordance with said Ordinances such that Plaintiff was afforded no opportunity to remedy the alleged violations or otherwise challenge the proposed condemnation and demolition prior to same.

147.  All of the aforementioned Plaintiff's losses are either continuing of permanent in nature, and he will continue to suffer said losses in the future, all in violation of Plaintiff's rights.

WHEREFORE, Plaintiff, WILBUR E. GIFFORD, III, respectfully requests that this Honorable Court enter judgment against Defendants, PAMELA D. IORIO, WILLIAM DOHERTY, SAM SMITH, CURTIS LANE, JORGE MARTIN, NICK D'ANDREA, and W.D. RYAN, for compensatory damages, punitive damages, the costs incurred in bringing the instant action, a reasonable attorney's fees, and any other relief this Court deems equitable and just.

## - COUNT IV -

### (Violation of Civil Rights, 42 U.S.C. §1983, by GIFFORD vs. CITY)

148.  Plaintiff, GIFFORD, hereby sues the Defendant, CITY OF TAMPA, for violation of his Constitutional rights, and, as grounds therefore, states as follows:

149.  Plaintiff realleges and incorporates paragraphs 1-102, inclusive, hereinabove, as if fully set forth herein.

150.  The City of Tampa Municipal Code ("Code"), including, but not necessarily limited to, Chapters 9 & 19, govern the procedures with which the CITY OF TAMPA officials must comply with regard to inspection of properties and structures, issuance of citations for violations of the Code, notice to the owner and/or occupier of said property or structure, enforcing violation or continued violation (after proper notice) of said Code, condemnation and demolition of property and structures.

29

151. The Code requires certain notices to be delivered to the owner and residents of structures which are found to be non-compliant with the Code and, in the event of non-emergency situations, are provided certain time frames within which to remedy said violations.

152. Said applicable Ordinances require certain notices to be delivered to the owner and residents of structures which are found to be non-compliant with said Ordinances and, in the event, of emergency situations, are provided certain time frames within which to remedy said violations.

153. The CITY OF TAMPA failed to comply with said Ordinances in that they failed to properly and timely notify Plaintiff in accordance with said Ordinances such that Plaintiff was afforded no opportunity to remedy the alleged violations or otherwise challenge the proposed condemnation and demolition prior to same.

154. None of the homes or structures named herein were in a condition such that it could be considered an "emergency" condition justifying immediate condemnation and demolition pursuant to Section 19-5, or any other Section, of the Code.

155. To the extent that any of such homes or structures were in a condition such that it could be considered an "emergency" condition justifying immediate intervention, and potential condemnation and demolition, the CITY OF TAMPA failed to properly notify GIFFORD such that he was provided an opportunity to cause the homes or structures to be made safe and secure or otherwise taken down.

156. The CITY OF TAMPA, while acting under color of state law, based on the conduct described more particularly hereinabove, and by signing Emergency Orders, Condemnation Reports, and other documents ordering demolition of real and personal property owned by GIFFORD, and

the MAYOR's ordering the shut down of End Gate, and other action described herein, deprived GIFFORD of due process, and constituted an unreasonable seizure of real and personal property, violative of the Fourteenth and Fourth Amendments to the United States Constitution, respectively.

157.   The actions carried out by the MAYOR and other officials with the CITY OF TAMPA, including but not necessarily limited to those named herein, were pursuant to either an expressed policy of the CITY OF TAMPA.

158.   The aforementioned policy followed by the MAYOR and other officials with the CITY OF TAMPA, including but not necessarily limited to those named herein, provided the moving force behind and caused the constitutional deprivation referenced hereinabove.

159.   The MAYOR has final policy making authority, and made and/or influenced policy in the instant case to be carried out against GIFFORD, all in violation of GIFFORD's constitutional rights, as more specifically set forth hereinabove.

160.   The CITY OF TAMPA is liable under 42 U.S.C. §1983 by virtue of the foregoing policy which was made in this instance by the actions of the MAYOR and the officials of the CITY OF TAMPA with policy-making authority, including but not necessarily limited to those named herein, and carried out by the same persons.

161.   Plaintiff is entitled to a reasonable attorney's fee pursuant to 42 U.S.C. §1988.

162.   As a direct and proximate result of the acts of the described herein, in violation of 42 U.S.C. §1983, Plaintiff has been brought into public scandal, suffered great humiliation, mental suffering, damaged reputation, economic losses and other intangible losses.

31

163. As a further direct and proximate result of the actions and omissions of the Defendants named herein, Plaintiff suffered a loss of liberty and freedom, mental anguish, loss of earnings, and loss of capacity for the enjoyment of life.

164. All of the aforementioned Plaintiff's losses are either continuing or permanent in nature, and he will continue to suffer said losses in the future, all in violation of Plaintiff's rights.

WHEREFORE, Plaintiff, WILBUR E. GIFFORD, III, respectfully requests that this Honorable Court enter judgment against Defendant, the CITY OF TAMPA, for compensatory damages, punitive damages, the costs incurred in bringing the instant action, a reasonable attorney's fees, and any other relief this Court deems equitable and just.

## - COUNT V -

### (False Arrest/False Imprisonment by GIFFORD vs. CITY)

165. Plaintiff, GIFFORD, hereby sues the CITY OF TAMPA, for violation of §768.28, Florida Statutes, and, as grounds therefore, states as follows:

166. Plaintiff realleges and incorporates paragraphs 1-102, inclusive, hereinabove, as if fully set forth herein.

167. On or about August 20, 2003, GIFFORD attended a hearing with a Hearing Master pursuant to the Code, with regard to certain alleged violations pertaining to the subject property, prior to which CITY official Don Scott, while acting in the course and scope of his employment or agency with the CITY, advised GIFFORD that he was making good progress with improvements to the subject property and to keep up the good work.

32

168.   At said hearing, at which CITY official Don Scott was present, the hearing master granted GIFFORD's request for an extension of time to October 23, 2003, to remedy certain violations on the subject property.

169.   On or about September 11, 2003, GIFFORD was arrested for failing to timely comply with violations on the subject property which were the subject of the August 20, 2003 hearing in which he was given until October 23, 2003 by which to remedy said violations.

170.   On the aforesaid date, Mr. Smith and perhaps other known and unknown employees, agents or servants of the CITY, proximately caused the arrest, restraint and confinement of Plaintiff.

171.   Mr. Smith, and other known and unknown employees, agents or servants of the CITY, did not have probable cause to believe that Plaintiff had committed any crime.

172.   Mr. Smith, and perhaps other employees, agents or servants of the CITY, intentionally caused Plaintiff to be arrested, restrained and confined for the alleged criminal offense of failing to timely remedy said violations.

173.   At no time prior to his arrest was GIFFORD ever informed that the prior extension of time granted by the Hearing Master was rescinded.

174.   Mr. Smith, and perhaps other agents, employees or servants of the CITY, purposely caused Plaintiff's arrest, restraint and confinement of the Plaintiff.

175.   The arrest, restraint and confinement of Plaintiff was against Plaintiff's will, and was unlawful, unreasonable, and without color of lawful authority.

176.   The actions and omissions of Mr. Smith, and perhaps other known and unknown agents, employees or servants of the CITY, which proximately caused the arrest, restraint and confinement of Plaintiff, were committed and occurred during the course and scope of their respective agency or employment with the CITY OF TAMPA.

33

177.  As a direct and proximate result of the actions and omissions of Mr. Smith, and perhaps other known and unknown agents, employee or servants of the CITY OF TAMPA, Plaintiff has suffered great humiliation, mental suffering and damaged reputation.

178.  As a further direct and proximate result of the actions and omissions of Mr. Smith, and perhaps other known and unknown agents, employees or servants of the CITY of TAMPA, Plaintiff suffered a loss of liberty and freedom, mental anguish, loss of earnings, and loss of capacity for the enjoyment of life.

179.  All of the aforementioned Plaintiff's losses are either continuing of permanent in nature, and she will continue to suffer said losses in the future, all in violation of Plaintiff's rights.

WHEREFORE, Plaintiff, WILBUR E. GIFFORD, III, respectfully requests the entry of Judgment in his favor against Defendant, CITY OF TAMPA, for compensatory damages, costs incurred in this matter, such other relief as this Court deems just and appropriate, and demands trial by jury of all issues so triable.

### - COUNT VI -

**(Violation of Civil Rights, 42 U.S.C. §1983, by RESIDENTS vs. INDIVIDUALS)**

180.  Plaintiffs, WILBUR E. GIFFORD, III, on behalf of all those similarly situated, PAUL VANN, individually, and on behalf of all those similarly situated; and TESS FULLER, individually, and on behalf of all those similarly situated; BERNICE SOLOMON, EMORY SOLOMON, DEBBIE BOHNER, SUSAN BOHNER, KENNETH BRIGHAM, LASSIE CANTY HOLLOWAY, CARL HOLLOWAY, JALYNA CANTY, VERONICA AGEE-KELLUM, OLENZIA EVANS, BERNADETTE EVANS, HELEN MADISON, and LEROY

34

CARNEGIE, hereby sues the Defendants, PAMELA D. IORIO, WILLIAM DOHERTY, SAM SMITH, CURTIS LANE, JORGE MARTIN, NICK D'ANDREA, and W.D. RYAN, individually, for violation of their Constitutional rights, and, as grounds therefore, states as follows:

181.   Plaintiffs reallege and incorporate paragraphs 1-102, inclusive, hereinabove, as if fully set forth herein.

182.   The City of Tampa Municipal Code ("Code"), including, but not necessarily limited to, Chapters 9 & 19, govern the procedures with which the CITY OF TAMPA officials must comply with regard to inspection of properties and structures, issuance of citations for violations of the Code, notice to the owner and/or occupier of said property or structure, enforcing violation or continued violation (after proper notice) of said Code, condemnation and demolition of property and structures.

183.   The Code requires certain notices to be delivered to the owner and residents of structures which are found to be non-compliant with the Code and, in the event of non-emergency situations, are provided certain time frames within which to remedy said violations.

184.   Said applicable Ordinances require certain notices to be delivered to the owner and residents of structures which are found to be non-compliant with said Ordinances and, in the event, of emergency situations, are provided certain time frames within which to remedy said violations.

185.   The Defendants named in the instant Count failed to comply with said Ordinances in that they failed to properly and timely notify Plaintiff in accordance with said Ordinances such that Plaintiff was afforded no opportunity to remedy the alleged violations or otherwise challenge the proposed condemnation and demolition prior to same.

35

186.  None of the homes or structures named herein were in a condition such that it could be considered an "emergency" condition justifying immediate condemnation and demolition pursuant to Section 19-5, or any other Section, of the Code.

187.  To the extent that any of such homes or structures were in a condition such that it could be considered an "emergency" condition justifying immediate intervention, and potential condemnation and demolition, the Defendants named in the instant Count failed to properly notify GIFFORD and other Plaintiffs herein such that they were provided an opportunity to cause the homes or structures to be made safe and secure or otherwise taken down, or to otherwise secure and/or remove their personal belongings.

188.  Defendants named herein, while acting under color of state law, based on the conduct described more particularly hereinabove, and by signing Emergency Orders, Condemnation Reports, and other documents ordering demolition of real and personal property owned by GIFFORD and other Plaintiffs named herein, and the MAYOR's ordering the shut down of End Gate, and other action described herein, deprived GIFFORD and the other Plaintiffs herein of due process, and constituted an unreasonable seizure of real and personal property, violative of their Fourteenth and Fourth Amendments to the United States Constitution, respectively.

189.  Plaintiffs are entitled to a reasonable attorney's fee pursuant to 42 U.S.C. §1988.

190.  As a direct and proximate result of the acts of the described herein, in violation of 42 U.S.C. §1983, Plaintiffs have been brought into public scandal, suffered great humiliation, mental suffering, damaged reputation, economic losses and other intangible losses.

191.  As a further direct and proximate result of the actions and omissions of the Defendants named herein, Plaintiffs suffered a loss of liberty and freedom, mental anguish, loss of earnings, and loss of capacity for the enjoyment of life.

192.  All of the aforementioned Plaintiffs' losses are either continuing of permanent in nature, and they will continue to suffer said losses in the future, all in violation of Plaintiffs' rights.

WHEREFORE, Plaintiffs, WILBUR E. GIFFORD, III, on behalf of all those similarly situated, PAUL VANN, individually, and on behalf of all those similarly situated; and TESS FULLER, individually, and on behalf of all those similarly situated; BERNICE SOLOMON, EMORY SOLOMON, DEBBIE BOHNER, SUSAN BOHNER, KENNETH BRIGHAM, LASSIE CANTY HOLLOWAY, CARL HOLLOWAY, JALYNA CANTY, VERONICA AGEE-KELLUM, OLENZIA EVANS, BERNADETTE EVANS, HELEN MADISON, and LEROY CARNEGIE, on behalf of those similarly situated, respectfully request that this Honorable Court enter judgment against Defendants, PAMELA D. IORIO, WILLIAM DOHERTY, SAM SMITH, CURTIS LANE, JORGE MARTIN, NICK D'ANDREA, and W.D. RYAN, for compensatory damages, punitive damages, the costs incurred in bringing the instant action, a reasonable attorney's fees, and any other relief this Court deems equitable and just.

### - COUNT VII -

### (Violation of Civil Rights, 42 U.S.C. §1983, by RESIDENTS vs. CITY)

193.  Plaintiffs, WILBUR E. GIFFORD, III, on behalf of all those similarly situated, PAUL VANN, individually, and on behalf of all those similarly situated; and TESS FULLER, individually, and on behalf of all those similarly situated; BERNICE SOLOMON, EMORY SOLOMON,

37

DEBBIE BOHNER, SUSAN BOHNER, KENNETH BRIGHAM, LASSIE CANTY HOLLOWAY, CARL HOLLOWAY, JALYNA CANTY, VERONICA AGEE-KELLUM, OLENZIA EVANS, BERNADETTE EVANS, HELEN MADISON, and LEROY CARNEGIE, hereby sue the Defendant, CITY OF TAMPA, for violation of their Constitutional rights, and, as grounds therefore, states as follows:

194.   Plaintiffs herein reallege and incorporate paragraphs 1-102, inclusive, hereinabove, as if fully set forth herein.

195.   The City of Tampa Municipal Code ("Code"), including, but not necessarily limited to, Chapters 9 & 19, govern the procedures with which the CITY OF TAMPA officials must comply with regard to inspection of properties and structures, issuance of citations for violations of the Code, notice to the owner and/or occupier of said property or structure, enforcing violation or continued violation (after proper notice) of said Code, condemnation and demolition of property and structures.

196.   The Code requires certain notices to be delivered to the owner and residents of structures which are found to be non-compliant with the Code and, in the event of non-emergency situations, are provided certain time frames within which to remedy said violations.

197.   Said applicable Ordinances require certain notices to be delivered to the owner and residents of structures which are found to be non-compliant with said Ordinances and, in the event, of emergency situations, are provided certain time frames within which to remedy said violations.

198.   The MAYOR and other policy-making officials acting in the course and scope of their employment or agency with the CITY OF TAMPA failed to comply with said Ordinances in that they failed to properly and timely notify Plaintiff in accordance with said Ordinances such

that Plaintiff was afforded no opportunity to remedy the alleged violations or otherwise challenge the proposed condemnation and demolition prior to same.

199. None of the homes or structures named herein were in a condition such that it could be considered an "emergency" condition justifying immediate condemnation and demolition pursuant to Section 19-5, or any other Section, of the Code.

200. To the extent that any of such homes or structures were in a condition such that it could be considered an "emergency" condition justifying immediate intervention, and potential condemnation and demolition, the CITY OF TAMPA failed to properly notify GIFFORD and other Plaintiffs herein such that they were provided an opportunity to cause the homes or structures to be made safe and secure or otherwise taken down, or to otherwise secure and/or remove their personal belongings.

201. The CITY OF TAMPA, while acting under color of state law, based on the conduct described more particularly hereinabove, and by signing Emergency Orders, Condemnation Reports, and other documents ordering demolition of real and personal property owned by GIFFORD and other Plaintiffs named herein, and the MAYOR's and other CITY officials' ordering the shut down of End Gate, and other action described herein, deprived GIFFORD and other Plaintiffs herein of due process, and constituted an unreasonable seizure of real and personal property, violative of the Fourteenth and Fourth Amendments to the United States Constitution, respectively.

202. The actions carried out by the MAYOR and other officials with the CITY OF TAMPA, including but not necessarily limited to those named herein, were pursuant to either an expressed policy of the CITY OF TAMPA.

203.  The aforementioned policy followed by the MAYOR and other officials with the CITY OF
      TAMPA, including but not necessarily limited to those named herein, provided the moving
      force behind and caused the constitutional deprivation referenced hereinabove.

204.  The MAYOR, and other officials named herein, have final policy-making authority, and made
      and/or influenced policy in the instant case to be carried out against GIFFORD and other
      Plaintiffs' named herein, all in violation of said GIFFORD's and said Plaintiffs' constitutional
      rights, as more specifically set forth hereinabove.

205.  The CITY OF TAMPA is liable under 42 U.S.C. §1983 by virtue of the foregoing policy
      which was made in this instance by the actions of the MAYOR and the officials of the CITY
      OF TAMPA with policy-making authority, including but not necessarily limited to those
      named herein, and carried out by the same persons.

206.  Plaintiff is entitled to a reasonable attorney's fee pursuant to 42 U.S.C. §1988.

207.  As a direct and proximate result of the acts of the described herein, in violation of 42 U.S.C.
      §1983, GIFFORD and other Plaintiffs named herein have been brought into public scandal,
      suffered great humiliation, mental suffering, damaged reputation, economic losses and other
      intangible losses.

208.  As a further direct and proximate result of the actions and omissions of the CITY OF
      TAMPA, GIFFORD and other Plaintiffs named herein suffered a loss of liberty and freedom,
      mental anguish, loss of earnings, and loss of capacity for the enjoyment of life.

209.  All of the aforementioned of GIFFORD's and other Plaintiffs' losses are either continuing of
      permanent in nature, and he will continue to suffer said losses in the future, all in violation of
      Plaintiffs' rights.

40

WHEREFORE, Plaintiffs, WILBUR E. GIFFORD, III, on behalf of all those similarly situated, PAUL VANN, individually, and on behalf of all those similarly situated; and TESS FULLER, individually, and on behalf of all those similarly situated; BERNICE SOLOMON, EMORY SOLOMON, DEBBIE BOHNER, SUSAN BOHNER, KENNETH BRIGHAM, LASSIE CANTY HOLLOWAY, CARL HOLLOWAY, JALYNA CANTY, VERONICA AGEE-KELLUM, OLENZIA EVANS, BERNADETTE EVANS, HELEN MADISON, and LEROY CARNEGIE, on behalf of those similarly situated, respectfully request that this Honorable Court enter judgment against Defendant, CITY OF TAMPA, for compensatory damages, punitive damages, the costs incurred in bringing the instant action, a reasonable attorney's fees, and any other relief this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

The Plaintiffs, on behalf of themselves and all others similarly situated, who may join this action, hereby demand a trial by jury on all issues so triable against Defendant CITY OF TAMPA, a municipal corporation; PAMELA D. IORIO, WILLIAM DOHERTY, CURTIS LANE, SAM SMITH, JORGE MARTIN, NICK D'ANDREA, and W.D. RYAN.

Dated this 20th day of December, 2007.

Respectfully submitted,

YOUNGBLOOD LAW FIRM
106 S. Tampania Avenue, Suite 100
Tampa, Florida 33609
(813) 258-5883; Fax: (813) 258-0732
Attorney for Plaintiffs

By: _____
T. PATTON YOUNGBLOOD, JR., ESQ.
Fla. Bar No. 0849243

GAYLORD, MERLIN, LUDOVICI, DIAZ, BAIN
5001 W. Cypress Street
Tampa, Florida 33556
(813) 221-9000; Fax: (813) 221-9030
Attorney for Plaintiffs

By: _____ for :
LORENA HART LUDOVICI, ESQ.
Fla. Bar No. 0847062



THIS IS NOT A CERTIFIED COPY

Prepared b

FERIEDA MOHAMMED
605 BERRY MARKET COURT
SEFFNER, FL 33584

Property folio number 154175.0000

INSTR # 2003322822

O BK 12947 PG 0772
RECORDED 08/07/2003 12:04:57 PM
RICHARD AKE CLERK OF COURT
HILLSBOROUGH COUNTY
DOC TAX PD(F.S.201.02) 7,700.00
DEPUTY CLERK F Yeger

**Warranty Deed**

This Indenture, Made this 1st day of August, 2003 between **FERIDA MOHAMMED**, married, grantor, whose post office address is 605 BERRY MARKET COURT, SEFFNER, FL 33584, and **WILBUR E. GIFFORD**, married, grantee, whose post office address is 11919 SUGARBERRY DRIVE, RIVERVIEW, FL 33569.

WITNESSETH: That said grantor, for and in consideration of the sum of TEN AND No/100 DOLLARS ($10.00) and other valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained and sold, to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in Hillsborough County, Florida, wit:

SEE ATTACHED EXHIBIT "A" FOR LEGAL DESCRIPTION
GRANTOR DOES HEREIN WARRANT THIS AS BEING NON-HOMESTEAD PROPERTY

SUBJECT TO RESTRICTIONS, RESERVATIONS AND LIMITATION OF RECORD, IF ANY, AND TAXES FOR THE YEAR 2003 AND SUBSEQUENT YEARS.

and said grantor does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.

IN WITNESS WHEREOF, grantor has hereunto set grantor's hand and seal the day and year first above written.

Witnesses:

_(witness signature)_
Print witness name Sarah E King

_(witness signature)_
Print witness name Gaus J. lla t. Parker

_____ (Seal)
FERIDA MOHAMMED
605 BERRY MARKET COURT
SEFFNER, FL. 33584

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me this 5th day of August, 2003 by FERIDA MOHAMMED, a married woman, who ipersonally known to me.

Notary Public
Print Name: Sarah E King
My Commission Expires:

(Seal)

Sarah E. King
MY COMMISSION # DD055163 EXPIRES
October 21, 2005
BONDED THRU TROY FAIN INSURANCE INC.

**BEST IMAGES AVAILABLE**

Return to:
Wilbur E. Gifford
11919 Sugarberry Dr.
Riverview, FL. 33569

EXHIBIT "A"

2

OR BK 12947 PG 0773

THIS IS NOT A
CERTIFIED COPY

EXHIBIT "A"

Commence at the Southwest corner of the intersection of Hillsborough Avenue and Lot 60, Funk's Home Park Subdivision, thence continue North 532.7 feet, thence West 632 feet, thence South to the Northerly Right of way of Hillsborough Avenue, thence East 632 feet to the Point of Beginning, LESS Lots 1 through 5, Block 2, RUBENSTEIN'S REVISED SUBDIVISION, according to map or plat thereof as recorded in Plat Book 8, Page 38, of the Public Records of Hillsborough County, Florida, and the East 35 feet of closed 44th Street, lying West of Lots 1 through 5, and that portion of a 10 foot alley East of Lots 1 through 5.
AND LESS the South 30.3 feet of Lot 10, and Lots 11 and 12, LESS the right of way for Hillsborough Avenue, in Block 1, RUBENSTEIN's REVISED SUBDIVISION, according to map or plat thereof as recorded in Plat Book 8, Page 38 of the Public Records of Hillsborough County, Florida, as maintained in the Office of the Clerk of Court, and the West 15 feet of closed 44th Street, abutting the Easterly right of way of the South 30.3 feet of Lot 10, and Lots 11 and 12, LESS Right of way for Hillsborough Avenue.

Lots 1 through 5, Block 2, RUBENSTEIN'S REVISED SUBDIVISION, according to map or plat thereof as recorded in Plat Book 8, Page 38, of the Public Records of Hillsborough County, Florida, as maintained in the office of the Clerk of Court and the East 35 feet of closed 44th Street lying North of Hillsborough Avenue, and that part of the 10 foot alley lying East of Lots 1 through 5, and contains 29,782.7 square feet of area.

The South 30.3 feet of Lot 10, all of Lots 11 and 12, RUBENSTEIN'S REVISED SUBDIVISION, as per plat Book 8, Page 38, of the Public Records of Hills-borough County, Florida, as maintained in the office of the Clerk of Court LESS right of way for Hillsborough Avenue, and the West 15 feet of 44th street, lying North of Hillsborough Avenue, lying and being adjacent to the Easterly side of the South 30.3 feet of Lot 10, and all of Lots 11 and 12, LESS the right of way for Hillsborough Avenue. This tract of land contains 11,500 square feet of area.

# City of Tampa

Division of Neighborhood Improvement
102 E Seventh Avenue
Tampa, Florida 33602
(813) 274-5545

## Inspection Report

| | |
|---|---|
| Date | 9/11/03 |
| Inspected by: | PADRON/SHELBY |
| Action File Number | 03-20280 |
| Emergency | ⦿Yes ◯No |

| Number 4402 | Street E HILLSBOROUGH AV | | # Units | # Floors 1 | Apt # 204 | Occupied YES | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|---|
| Owner's Name WILBUR E GIFFORD | | Folio/Pin 154175.0000 | | Condition Dilapidated | | Material Metal | | Asbestos None Seen |
| Owner's Address 11919 SUGARBERRY DR | | | | Occupant's Name OWNER LUTRICIA MONROE | | | | |
| City/State/Zip RIVERVIEW FL 33569 | | | Telephone | | | | R/C Posted | |

This Property is Zoned ⦿ Residential ◯ Commercial ◯ Industrial
The Primary use of this property _Residential_

| | | | |
|---|---|---|---|
| Hardship | ◯Yes ⦿No | | |
| Homestead | ◯Yes ⦿No | | |
| Rental | ⦿Yes ◯No | | |
| R/C Posted | ◯Yes ⦿No | | |

**Notice**
If this property is occupied by other than the owner, a Certificate of Compliance must be acquired within 30 days.

Permits may be obtained from the Construction Services Center located at 1400 N. Boulevard. Please call (813) 259 1820 for information.

Permits required for the following repairs include

☑Building ☑Electrical ☑Mechanical ☑Roofing ☑Plumbing

Unsafe conditions requiring immediate attention:

PLACARDED UNFIT FOR HUMAN HABITATION
NO ELECTRIC, WATER OR SANITARY FACILITIES - MUST BE INSTALLED TO CODE
INSTALL REQUIRED HURRICANE STRAPS/TIE DOWNS TO CODE
ABOVE REPAIRS MUST BE COMPLETED WITHIN FIVE (5) DAYS BY 9/16/03.

Unsanitary conditions requiring immediate attention:

This inspection report serves as an Official Notice of Violation of Chapter 19, City of Tampa Code.

You have __21__ days in which to correct the items referenced in this report. A reinspection of your property will occur on or about __10/02/03__

Conveyance of interest in this property does not affect this Order. Any person acquiring such interest while this building is subject to this Order shall comply with said Order to the same extent as if he/she held his/her interest at the time this Order was issued.

If you have any questions or need clarification of this report, please call (813) 274-5545.

See Continuation sheet for additional repairs

| Received by | Date |
|---|---|
| | |

Face Sheet

COMPOSITE EXHIBIT "B"

**City of Tampa**
Division of Neighborhood Improvement
102 E Seventh Avenue
Tampa, Florida 33602
(813) 274-5545

**Inspection Report**

| | |
|---|---|
| Date | 9/11/03 |
| Inspected by: | COLVIN/PRIETO |
| Action File Number | 03-20386 |
| Emergency | ⊙Yes ○No |

| Number 4402 | Street E HILLSBOROUGH AV | # Units | # Floors 1 | Apt # 206 | Occupied YES | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|
| Owner's Name WILBUR E GIFFORD | Folio/Pin 154175.0000 | Condition Dilapidated | Material Metal | Asbestos None Seen | | | |
| Owner's Address 11919 SUGARBERRY DR | | Occupant's Name RENTAL | | | | | |
| City/State/Zip RIVERVIEW FL 33569 | Telephone | | R/C Posted | | | | |

This Property is Zoned  ⊙Residential ○Commercial ○Industrial
The Primary use of this property     Residential

| | |
|---|---|
| Hardship | ○Yes ⊙No |
| Homestead | ○Yes ⊙No |
| Rental | ⊙Yes ○No |
| R/C Posted | ○Yes ⊙No |

**Notice**
If this property is occupied by other than the owner, a Certificate of Compliance must be acquired within 30 days.

Permits may be obtained from the Construction Services Center located at 1400 N. Boulevard. Please call (813) 259 1820 for information.

Permits required for the following repairs include

☑Building ☑Electrical ☑Mechanical ☑Roofing ☑Plumbing

Unsafe conditions requiring immediate attention:

PLACARDED UNFIT FOR HUMAN HABITATION
NO ELECTRIC, WATER OR SANITARY FACILITIES - MUST BE INSTALLED TO CODE
INSTALL REQUIRED HURRICANE STRAPS/TIE DOWNS TO CODE
ABOVE REPAIRS MUST BE COMPLETED WITHIN FIVE (5) DAYS BY 9/16/03.

Unsanitary conditions requiring immediate attention:

This inspection report serves as an Official Notice of Violation of Chapter 19, City of Tampa Code.

You have    21    days in which to correct the items referenced in this report. A reinspection of your property will occur on or about    10/02/03

Conveyance of interest in this property does not affect this Order. Any person acquiring such interest while this building is subject to this Order shall comply with said Order to the same extent as if he/she held his/her interest at the time this Order was issued.

If you have any questions or need clarification of this report, please call (813) 274-5545.

See Continuation sheet for additional repairs

| Received by | Date |
|---|---|
| | |

Face Sheet

03-20386

**City of Tampa**
Division of Neighborhood Improvement
102 E Seventh Avenue
Tampa, Florida 33602
(813) 274-5545

**Inspection Report**

| | |
|---|---|
| Date | 9/11/03 |
| Inspected by: | COLVIN/PRIETO |
| Action File Number | 03-20255 |
| Emergency | ⊙Yes ○No |

| Number 4402 | Street E HILLSBOROUGH AV | | # Units | # Floors 1 | Apt # 211 | Occupied YES | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|---|
| Owner's Name WILBER E GIFFORD | | Folio/Pin 154175.0000 | | Condition Dilapidated | Material Metal | | Asbestos None Seen | |
| Owner's Address 11919 SUGARBERRY DR | | | | Occupant's Name RENTAL | | | | |
| City State Zip RIVERVIEW FL 33569 | | | Telephone | | | R/C Posted | | |

This Property is Zoned  ⊙Residential ○Commercial ○Industrial
The Primary use of this property    Residential
Hardship       ○Yes ⊙No
Homestead      ○Yes ⊙No
Rental         ⊙Yes ○No
R/C Posted     ○Yes ⊙No

**Notice**
If this property is occupied by other than the owner, a Certificate of Compliance must be acquired within 30 days.

Permits may be obtained from the Construction Services Center located at 1400 N. Boulevard. Please call (813) 259 1820 for information.

Permits required for the following repairs include

☑Building  ☑Electrical  ☑Mechanical  ☑Roofing  ☑Plumbing

Unsafe conditions requiring immediate attention:

PLACARDED UNFIT FOR HUMAN HABITATION
NO ELECTRIC, WATER OR SANITARY FACILITIES - MUST BE INSTALLED TO CODE
INSTALL REQUIRED HURRICANE STRAPS/TIE DOWNS TO CODE
ABOVE REPAIRS MUST BE COMPLETED WITHIN FIVE (5) DAYS BY 9/16/03.

Unsanitary conditions requiring immediate attention:

This inspection report serves as an Official Notice of Violation of Chapter 19, City of Tampa Code.

You have    21    days in which to correct the items referenced in this report. A reinspection of your property will occur on or about    10/02/03 .

Conveyance of interest in this property does not affect this Order. Any person acquiring such interest while this building is subject to this Order shall comply with said Order to the same extent as if he/she held his/her interest at the time this Order was issued.

If you have any questions or need clarification of this report, please call (813) 274-5545.

See Continuation sheet for additional repairs

| Received by | Date |
|---|---|
| | |

Face Sheet

03-20255

**City of Tampa**
Division of Neighborhood Improvement
102 E Seventh Avenue
Tampa, Florida 33602
(813) 274-5545

**Inspection Report**

| | |
|---|---|
| Date | 9/11/03 |
| Inspected by: | MCRAE/STIRRUP |
| Action File Number | 03-20276 |
| Emergency | ⊙Yes ○No |

| Number | Street | | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|---|
| 4402 | E HILLSBOROUGH AV | | | 1 | 212 | YES | | |
| Owner's Name | | Folio/Pin | | Condition | | Material | | Asbestos |
| WILBER E GIFFORD | | 154175.0000 | | Dilapidated | | Metal | | None Seen |
| Owner's Address | | | | Occupant's Name | | | | |
| 11919 SUGARBERRY DR | | | | RENTAL | | | | |
| City/State/Zip | | | Telephone | | | | R/C Posted | |
| RIVERVIEW FL 33569 | | | | | | | | |

This Property is Zoned    ⊙Residential ○Commercial ○Industrial
The Primary use of this property    Residential

| | |
|---|---|
| Hardship | ○Yes ⊙No |
| Homestead | ○Yes ⊙No |
| Rental | ⊙Yes ○No |
| R/C Posted | ○Yes ⊙No |

**Notice**
If this property is occupied by other than the owner, a Certificate of Compliance must be acquired within 30 days.

Permits may be obtained from the Construction Services Center located at 1400 N. Boulevard. Please call (813) 259 1820 for information.

Permits required for the following repairs include

☑Building ☑Electrical ☑Mechanical ☑Roofing ☑Plumbing

03-20276

Unsafe conditions requiring immediate attention: ..

PLACARDED UNFIT FOR HUMAN HABITATION
NO ELECTRIC, WATER OR SANITARY FACILITIES - MUST BE INSTALLED TO CODE
INSTALL REQUIRED HURRICANE STRAPS/TIE DOWNS TO CODE
ABOVE REPAIRS MUST BE COMPLETED WITHIN FIVE (5) DAYS BY 9/16/03.

Unsanitary conditions requiring immediate attention:

This inspection report serves as an Official Notice of Violation of Chapter 19, City of Tampa Code.

You have ___21___ days in which to correct the items referenced in this report. A reinspection of your property will occur on or about ___10/02/03___.

Conveyance of interest in this property does not affect this Order. Any person acquiring such interest while this building is subject to this Order shall comply with said Order to the same extent as if he/she held his/her interest at the time this Order was issued.

If you have any questions or need clarification of this report, please call (813) 274-5545.

See Continuation sheet for additional repairs

| Received by | | Date |
|---|---|---|
| | | |

Face Sheet

**City of Tampa**
Division of Neighborhood Improvement
102 E Seventh Avenue
Tampa, Florida 33602
(813) 274-5545

**Inspection Report**

| | |
|---|---|
| Date | 9/11/03 |
| Inspected by: | MCRAE\STIRRUP |
| Action File Number | 03-20260 |
| Emergency | ⊙Yes ○No |

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|
| 4402 | E HILLSBOROUGH AV | | 1 | 313 | YES | | |

| Owner's Name | Folio/Pin | Condition | Material | Asbestos |
|---|---|---|---|---|
| WILBUR E GIFFORD | 154175.0000 | Dilapidated | Metal | None Seen |

| Owner's Address | Occupant's Name | | |
|---|---|---|---|
| 11919 SUGARBERRY DR | RENTAL | | |

| City/State/Zip | Telephone | | R/C Posted |
|---|---|---|---|
| RIVERVIEW FL 33569 | | | |

This Property is Zoned    ⊙ Residential ○ Commercial ○ Industrial
The Primary use of this property    Residential

| | | |
|---|---|---|
| Hardship | ○Yes ⊙No | |
| Homestead | ○Yes ⊙No | |
| Rental | ⊙Yes ○No | |
| R/C Posted | ○Yes ⊙No | |

**Notice**
If this property is occupied by other than the owner, a Certificate of Compliance must be acquired within 30 days.

Permits may be obtained from the Construction Services Center located at 1400 N. Boulevard. Please call (813) 259 1820 for information.

Permits required for the following repairs include
☑Building ☑Electrical ☑Mechanical ☑Roofing ☑Plumbing

03-20260

Unsafe conditions requiring immediate attention:

PLACARDED UNFIT FOR HUMAN HABITATION
NO ELECTRIC, WATER OR SANITARY FACILITIES - MUST BE INSTALLED TO CODE
INSTALL REQUIRED HURRICANE STRAPS/TIE DOWNS TO CODE
ABOVE REPAIRS MUST BE COMPLETED WITHIN FIVE (5) DAYS BY 9/16/03.

Unsanitary conditions requiring immediate attention:

This inspection report serves as an **Official Notice of Violation of Chapter 19, City of Tampa Code.**

You have ___21___ days in which to correct the items referenced in this report. A reinspection of your property will occur on or about
___10/02/03___

Conveyance of interest in this property does not affect this Order. Any person acquiring such interest while this building is subject to this Order shall comply with said Order to the same extent as if he/she held his/her interest at the time this Order was issued.

If you have any questions or need clarification of this report, please call (813) 274-5545.

See Continuation sheet for additional repairs

| Received by | Date |
|---|---|
| | |

Face Sheet

City of Tampa
Division of Neighborhood Improvement
102 E Seventh Avenue
Tampa, Florida 33602
(813) 274-5545

**Inspection Report**

| | |
|---|---|
| Date | 9/11/03 |
| Inspected by: | PADRON/SHELBY |
| Action File Number | 03-20283 |
| Emergency | ⊙Yes ○No |

| Number | Street | | | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|---|---|
| 4402 | E HILLSBOROUGH AV | | | | 1 | 220 | YES | | |
| Owner's Name | | Folio/Pin | | | Condition | | Material | | Asbestos |
| WILBER E GIFFORD | | 154175.0000 | | | Dilapidated | | Metal | | None Seen |
| Owner's Address | | | | | Occupant's Name | | | | |
| 11919 SUGARBERRY DR | | | | | NO ONE HOME | | | | |
| City/State/Zip | | | | Telephone | | | | R/C Posted | |
| RIVERVIEW FL 33569 | | | | | | | | | |

This Property is Zoned  ⊙Residential ○Commercial ○Industrial
The Primary use of this property   Residential

Hardship        ○Yes ⊙No
Homestead     ○Yes ⊙No
Rental             ⊙Yes ○No
R/C Posted     ○Yes ⊙No

> **Notice**
> If this property is occupied by other than the owner, a Certificate of Compliance must be acquired within 30 days.

Permits may be obtained from the Construction Services Center located at 1400 N. Boulevard. Please call (813) 259 1820 for information.

Permits required for the following repairs include

☑Building  ☑Electrical  ☑Mechanical  ☑Roofing  ☑Plumbing

**Unsafe conditions requiring immediate attention:**

PLACARDED UNFIT FOR HUMAN HABITATION
NO ELECTRIC, WATER OR SANITARY FACILITIES - MUST BE INSTALLED TO CODE
INSTALL REQUIRED HURRICANE STRAPS/TIE DOWNS TO CODE
ABOVE REPAIRS MUST BE COMPLETED WITHIN FIVE (5) DAYS BY 9/16/03.

**Unsanitary conditions requiring immediate attention:**

This inspection report serves as an **Official Notice of Violation of Chapter 19, City of Tampa Code.**

You have ___21___ days in which to correct the items referenced in this report. A reinspection of your property will occur on or about
___10/02/03___

> Conveyance of interest in this property does not affect this Order. Any person acquiring such interest while this building is subject to this Order shall comply with said Order to the same extent as if he/she held his/her interest at the time this Order was issued.

If you have any questions or need clarification of this report, please call (813) 274-5545.

See Continuation sheet for additional repairs

| Received by | | Date |
|---|---|---|
| | | |

Face Sheet

COMPOSITE EXHIBIT "C"

**City of Tampa**
Division of Neighborhood Improvement
102 E Seventh Avenue
Tampa, Florida 33602
(813) 274-5545

**Inspection Report**

| | |
|---|---|
| Date | 9/11/03 |
| Inspected by: | COLVIN/PRIETO |
| Action File Number | 03-20369 |
| Emergency | ⊙Yes ○No |

| Number 4402 | Street E HILLSBOROUGH AV | | # Units | # Floors 1 | Apt # 223 | Occupied YES | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|---|
| Owner's Name WILBUR E GIFFORD | | Folio/Pin 154175.0000 | | Condition Dilapidated | | Material Metal | | Asbestos None Seen |
| Owner's Address 11919 SUGARBERRY DR | | | | Occupant's Name RENTAL | | | | |
| City/State/Zip RIVERVIEW FL 33569 | | | Telephone | | | | R/C Posted | |

This Property is Zoned  ⊙Residential ○Commercial ○Industrial
The Primary use of this property   Residential

| | |
|---|---|
| Hardship | ○Yes ⊙No |
| Homestead | ○Yes ⊙No |
| Rental | ⊙Yes ○No |
| R/C Posted | ○Yes ⊙No |

**Notice**

If this property is occupied by other than the owner, a Certificate of Compliance must be acquired within 30 days.

Permits may be obtained from the Construction Services Center located at 1400 N. Boulevard. Please call (813) 259-1820 for information.

Permits required for the following repairs include

☑Building ☑Electrical ☑Mechanical ☑Roofing ☑Plumbing

03-20369

Unsafe conditions requiring immediate attention:

PLACARDED UNFIT FOR HUMAN HABITATION
NO ELECTRIC, WATER OR SANITARY FACILITIES - MUST BE INSTALLED TO CODE
INSTALL REQUIRED HURRICANE STRAPS/TIE DOWNS TO CODE
ABOVE REPAIRS MUST BE COMPLETED WITHIN FIVE (5) DAYS BY 9/16/03.

Unsanitary conditions requiring immediate attention:

This inspection report serves as an Official Notice of Violation of Chapter 19, City of Tampa Code.

You have ___21___ days in which to correct the items referenced in this report. A reinspection of your property will occur on or about
___10/02/03___

Conveyance of interest in this property does not affect this Order. Any person acquiring such interest while this building is subject to this Order shall comply with said Order to the same extent as if he/she held his/her interest at the time this Order was issued.

If you have any questions or need clarification of this report, please call (813) 274-5545.

See Continuation sheet for additional repairs

| Received by | | Date |
|---|---|---|
| | | |

Face Sheet

**City of Tampa**
Division of Neighborhood Improvement
102 E Seventh Avenue
Tampa, Florida 33602
(813) 274-5545

**Inspection Report**

| | |
|---|---|
| Date | 9/11/03 |
| Inspected by: | PADRON/SHELBY |
| Action File Number | 03-20285 |
| **Emergency** | ⊙Yes ○No |

| Number 4402 | Street E HILLSBOROUGH AV | | # Units | # Floors 1 | Apt # 224 | Occupied YES | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|---|
| Owner's Name WILBUR E GIFFORD | | Folio/Pin 154175.0000 | | Condition Dilapidated | | Material Metal | | Asbestos None Seen |
| Owner's Address 11919 SUGARBERRY DR | | | | Occupant's Name RENTAL | | | | |
| City/State/Zip RIVERVIEW FL 33569 | | | Telephone | | | | R/C Posted | |

This Property is Zoned  ⊙Residential ○Commercial ○Industrial
The Primary use of this property    Residential

| | | |
|---|---|---|
| Hardship | ○Yes ⊙No | |
| Homestead | ○Yes ⊙No | |
| Rental | ⊙Yes ○No | |
| R/C Posted | ○Yes ⊙No | |

**Notice**
If this property is occupied by other than the owner, a Certificate of Compliance must be acquired within 30 days.

Permits may be obtained from the Construction Services Center located at 1400 N. Boulevard. Please call (813) 259 1820 for information.

Permits required for the following repairs include

☑Building  ☑Electrical  ☑Mechanical  ☑Roofing  ☑Plumbing

Unsafe conditions requiring immediate attention:

PLACARDED UNFIT FOR HUMAN HABITATION
NO ELECTRIC, WATER OR SANITARY FACILITIES - MUST BE INSTALLED TO CODE
INSTALL REQUIRED HURRICANE STRAPS/TIE DOWNS TO CODE
ABOVE REPAIRS MUST BE COMPLETED WITHIN FIVE (5) DAYS BY 9/16/03.

Unsanitary conditions requiring immediate attention:

This inspection report serves as an Official Notice of Violation of Chapter 19, City of Tampa Code.

You have ___21___ days in which to correct the items referenced in this report. A reinspection of your property will occur on or about ___10/02/03___

Conveyance of interest in this property does not affect this Order. Any person acquiring such interest while this building is subject to this Order shall comply with said Order to the same extent as if he/she held his/her interest at the time this Order was issued.

If you have any questions or need clarification of this report, please call (813) 274-5545.

See Continuation sheet for additional repairs

| Received by | Date |
|---|---|
| | |

Face Sheet

03-20285

# City of Tampa

Division of Neighborhood Improvement
102 E Seventh Avenue
Tampa, Florida 33602
(813) 274-5545

**Inspection Report**

| | |
|---|---|
| Date | 9/11/03 |
| Inspected by: | COLVIN/PRIETO |
| Action File Number | 03-20368 |
| Emergency | ⊙Yes ○No |

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|
| 4402 | E HILLSBOROUGH AV | | 1 | 225 | YES | | |
| Owner's Name | | Folio/Pin | Condition | | Material | | Asbestos |
| WILBUR E GIFFORD | | 154175.0000 | Dilapidated | | Metal | | None Seen |
| Owner's Address | | | Occupant's Name | | | | |
| 11919 SUGARBERRY DR | | | RENTAL | | | | |
| City/State/Zip | | Telephone | | | | R/C Posted | |
| RIVERVIEW FL 33569 | | | | | | | |

This Property is Zoned  ⊙Residential ○Commercial ○Industrial
The Primary use of this property    Residential

| | |
|---|---|
| Hardship | ○Yes ⊙No |
| Homestead | ○Yes ⊙No |
| Rental | ⊙Yes ○No |
| R/C Posted | ○Yes ⊙No |

**Notice**
If this property is occupied by other than the owner, a Certificate of Compliance must be acquired within 30 days.

Permits may be obtained from the Construction Services Center located at 1400 N. Boulevard. Please call (813) 259 1820 for information.

Permits required for the following repairs include
☑Building ☑Electrical ☑Mechanical ☑Roofing ☑Plumbing

Unsafe conditions requiring immediate attention:

PLACARDED UNFIT FOR HUMAN HABITATION
NO ELECTRIC, WATER OR SANITARY FACILITIES - MUST BE INSTALLED TO CODE
INSTALL REQUIRED HURRICANE STRAPS/TIE DOWNS TO CODE
ABOVE REPAIRS MUST BE COMPLETED WITHIN FIVE (5) DAYS BY 9/16/03.

Unsanitary conditions requiring immediate attention:

This inspection report serves as an Official Notice of Violation of Chapter 19, City of Tampa Code.

You have    21    days in which to correct the items referenced in this report. A reinspection of your property will occur on or about    10/02/03

Conveyance of interest in this property does not affect this Order. Any person acquiring such interest while this building is subject to this Order shall comply with said Order to the same extent as if he/she held his/her interest at the time this Order was issued.

If you have any questions or need clarification of this report, please call (813) 274-5545.

See Continuation sheet for additional repairs

| Received by | Date |
|---|---|
| | |

Face Sheet

03-20368

# City of Tampa
Division of Neighborhood Improvement
102 E Seventh Avenue
Tampa, Florida 33602
(813) 274-5545

**Inspection Report**

| | |
|---|---|
| Date | 9/11/03 |
| Inspected by: | PADRON/SHELBY |
| Action File Number | 03-20288 |
| **Emergency** | ⊙Yes ○No |

| Number | Street | | | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|---|---|
| 4402 | E HILLSBOROUGH AV | | | | 1 | 226 | YES | | |
| Owner's Name | | Folio/Pin | | | Condition | | Material | | Asbestos |
| WILBUR E GIFFORD | | 154175.0000 | | | Dilapidated | | Metal | | None Seen |
| Owner's Address | | | | | Occupant's Name | | | | |
| 11919 SUGARBERRY DR | | | | | RENTAL | | | | |
| City/State/Zip | | | Telephone | | | | | R/C Posted | |
| RIVERVIEW FL 33569 | | | | | | | | | |

This Property is Zoned  ⊙Residential ○Commercial ○Industrial
The Primary use of this property     Residential
Hardship           ○Yes ⊙No
Homestead        ○Yes ⊙No
Rental               ⊙Yes ○No
R/C Posted        ○Yes ⊙No

**Notice**
If this property is occupied by other than the owner, a Certificate of Compliance must be acquired within 30 days.

---

Permits may be obtained from the Construction Services Center located at 1400 N. Boulevard. Please call (813) 259 1820 for information.

Permits required for the following repairs include

☑Building ☑Electrical ☑Mechanical ☑Roofing ☑Plumbing

03-20288

**Unsafe conditions requiring immediate attention:**

PLACARDED UNFIT FOR HUMAN HABITATION
NO ELECTRIC, WATER OR SANITARY FACILITIES - MUST BE INSTALLED TO CODE
INSTALL REQUIRED HURRICANE STRAPS/TIE DOWNS TO CODE
ABOVE REPAIRS MUST BE COMPLETED WITHIN FIVE (5) DAYS BY 9/16/03.

**Unsanitary conditions requiring immediate attention:**

---

This inspection report serves as an Official Notice of Violation of Chapter 19, City of Tampa Code.

You have ___21___ days in which to correct the items referenced in this report. A reinspection of your property will occur on or about ___10/02/03___

Conveyance of interest in this property does not affect this Order. Any person acquiring such interest while this building is subject to this Order shall comply with said Order to the same extent as if he/she held his/her interest at the time this Order was issued.

If you have any questions or need clarification of this report, please call (813) 274-5545.

See Continuation sheet for additional repairs

| Received by | Date |
|---|---|
| | |

Face Sheet

City of Tampa
Division of Neighborhood Improvement
102 E Seventh Avenue
Tampa, Florida 33602
(813) 274-5545

**Inspection Report**

| | |
|---|---|
| Date | 9/11/03 |
| Inspected by: | MCRAE/STIRRUP |
| Action File Number | 03-20284 |
| Emergency | ⊙Yes ○No |

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|
| 4402 | E HILLSBOROUGH AV | | 1 | 232 | YES | | |

| Owner's Name | Folio/Pin | Condition | Material | Asbestos |
|---|---|---|---|---|
| WILBUR E GIFFORD | 154175.0000 | Dilapidated | Metal | None Seen |

| Owner's Address | Occupant's Name |
|---|---|
| 11919 SUGARBERRY DR | |

| City/State/Zip | Telephone | | R/C Posted |
|---|---|---|---|
| RIVERVIEW FL 33569 | | | |

This Property is Zoned   ⊙Residential ○Commercial ○Industrial
The Primary use of this property   ___Residential___

| | |
|---|---|
| Hardship | ○Yes ⊙No |
| Homestead | ○Yes ⊙No |
| Rental | ⊙Yes ○No |
| R/C Posted | ○Yes ⊙No |

**Notice**
If this property is occupied by other than the owner, a Certificate of Compliance must be acquired within 30 days.

Permits may be obtained from the Construction Services Center located at 1400 N. Boulevard. Please call (813) 259 1820 for information.

Permits required for the following repairs include
☑Building ☑Electrical ☑Mechanical ☑Roofing ☑Plumbing

Unsafe conditions requiring immediate attention:

PLACARDED UNFIT FOR HUMAN HABITATION
NO ELECTRIC, WATER OR SANITARY FACILITIES - MUST BE INSTALLED TO CODE
INSTALL REQUIRED HURRICANE STRAPS/TIE DOWNS TO CODE
ABOVE REPAIRS MUST BE COMPLETED WITHIN FIVE (5) DAYS BY 9/16/03.

Unsanitary conditions requiring immediate attention:

This inspection report serves as an **Official Notice of Violation of Chapter 19, City of Tampa Code.**

You have __21__ days in which to correct the items referenced in this report. A reinspection of your property will occur on or about __10/02/03__

Conveyance of interest in this property does not affect this Order. Any person acquiring such interest while this building is subject to this Order shall comply with said Order to the same extent as if he/she held his/her interest at the time this Order was issued.

If you have any questions or need clarification of this report, please call (813) 274-5545.

See Continuation sheet for additional repairs

| Received by | Date |
|---|---|
| | |

Face Sheet

**City of Tampa**
Division of Neighborhood Improvement
102 E Seventh Avenue
Tampa, Florida 33602
(813) 274-5545

**Inspection Report**

| | |
|---|---|
| Date | 9/11/03 |
| Inspected by: | PADRON/SHELBY |
| Action File Number | 03-20415 |
| Emergency | ⊙Yes ○No |

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|
| 4402 | E HILLSBOROUGH AV | | 1 | 310 | YES | | |

| Owner's Name | Folio/Pin | Condition | Material | Asbestos |
|---|---|---|---|---|
| WILBUR E GIFFORD | 154175.0000 | Dilapidated | Metal | None Seen |

| Owner's Address | Occupant's Name |
|---|---|
| 11919 SUGARBERRY DR | RENTAL |

| City/State/Zip | Telephone | | R/C Posted |
|---|---|---|---|
| RIVERVIEW FL 33569 | | | |

This Property is Zoned   ⊙Residential ○Commercial ○Industrial
The Primary use of this property    Residential

| | |
|---|---|
| Hardship | ○Yes ⊙No |
| Homestead | ○Yes ⊙No |
| Rental | ⊙Yes ○No |
| R/C Posted | ○Yes ⊙No |

**Notice**
If this property is occupied by other than the owner, a Certificate of Compliance must be acquired within 30 days.

Permits may be obtained from the Construction Services Center located at 1400 N. Boulevard. Please call (813) 259 1820 for information.

Permits required for the following repairs include

☑Building  ☑Electrical  ☑Mechanical  ☑Roofing  ☑Plumbing

03-20415

Unsafe conditions requiring immediate attention:

PLACARDED UNFIT FOR HUMAN HABITATION
NO ELECTRIC, WATER OR SANITARY FACILITIES - MUST BE INSTALLED TO CODE
INSTALL REQUIRED HURRICANE STRAPS/TIE DOWNS TO CODE
ABOVE REPAIRS MUST BE COMPLETED WITHIN FIVE (5) DAYS BY 9/16/03.

Unsanitary conditions requiring immediate attention:

This inspection report serves as an **Official Notice of Violation of Chapter 19, City of Tampa Code.**

You have ___21___ days in which to correct the items referenced in this report. A reinspection of your property will occur on or about ___10/02/03___.

Conveyance of interest in this property does not affect this Order. Any person acquiring such interest while this building is subject to this Order shall comply with said Order to the same extent as if he/she held his/her interest at the time this Order was issued.

If you have any questions or need clarification of this report, please call (813) 274-5545.

See Continuation sheet for additional repairs

| Received by | Date |
|---|---|
| | |

Face Sheet

Inspected by: R BOWMER

☑ **Public Nuisance**

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Date | 9/19/03 | Emergency ⦿Yes ○No | Hardship ○Yes ⦿No | ○Commercial ⦿Residential ○Industrial | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

Special Project/Action File #: **03-21066**

| # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|
| 1 | 1 | A-3 | NO | 0 | 0 |

| Number | Street | Folio/Pin | Condition | Material | Asbestos |
|---|---|---|---|---|---|
| 4402 | EAST HILLSBOROUGH AVENUE | 154175.0000 | Condemned | Wood | None Seen |

Owner's Name: WILBUR GIFFORD

Owner's Address: 11919 SUGARBERRY DRIVE

City/State/Zip: RIVERVIEW, FLORIDA 33569

| Approximate Square Footage | Percentage of Deterioration | Repair Estimate | Improved Value | % to Value |
|---|---|---|---|---|
| 980 | 68.0% | $29,988.00 | $500.00 | 5998% |

Hazardous Conditions: UNSOUND FRAMING, FLOORING AND FOUNDATION. NO ELECTRICAL OR PLUMBING. OPEN AND UNSAFE CONDITIONS.

| ○ Occupied | ⦿ Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
|---|---|---|---|---|
| ⦿ Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☐ Children in Neighborhood |

**Structural Deterioration Percent of Damage (Include Fire Damage)**

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ⦿ 4 | ○ 10 | ○ 20 |
| Exterior Walls | 20 | ⦿ 4 | ○ 10 | ○ 20 |
| Interior Walls | 15 | ○ 3 | ○ 7.5 | ⦿ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ⦿ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| Subtotals | | 0.00% | 20.00% | 60.00% |

Total Deterioration (Add Subtotals) **68.0%** Percent

| ☐ Electric drop to be removed | Meter # NONE | Cu. Yards of Debris 7-10 |
|---|---|---|
| ☐ Gas service to be removed | Meter # NONE | Sq. Ft. of Asbestos |
| ☐ Water service to be removed | Meter # YES | Other |

Lot Size

**MAP**

Additional Comments

END GATE MOBILE HOME PARK

North

Hillsborough

COMPOSITE EXHIBIT "D"

Inspected by:

☐ **Public Nuisance**

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Date 9/19/03 | Emergency ◉ Yes ○ No | Hardship ○ Yes ◉ No | ○ Commercial ◉ Residential ○ Industrial | | | | | |
|---|---|---|---|---|---|---|---|---|

Special Project/Action File # 03-21066

| # Units 1 | # Floors 1 | Apt # A-4 | Occupied NO | # Hab. Rms. 2 | # Bedrms 2 |
|---|---|---|---|---|---|

| Number 4402 | Street EAST HILLSBOROUGH AVENUE | Folio/Pin 154175.0000 | Condition Deteriorated | Material Wood | Asbestos None Seen |
|---|---|---|---|---|---|

Owner's Name WILBUR GIFFORD

Owner's Address 11919 SUGARBERRY DRIVE

| City/State/Zip RIVERVIEW, FLORIDA 33569 | Percentage of Deterioration 68.0% | Repair Estimate $29,988.00 | Improved Value $1.00 | % to Value 2998800% |
|---|---|---|---|---|

| Approximate Square Footage 980 | Percentage of Deterioration 68.0% |
|---|---|

Hazardous Conditions HOLES IN FLOORS, UNSOUND FLOORING AND FOUNDATION, ELECTRICAL AND PLUMBING HAZZARDS.

| ○ Occupied ◉ Vacant | ◉ Open ○ Secure | ☑ Fire Hazard ☑ Vandalized | ☐ Overgrown ☑ Unsanitary | ☐ Near School ☐ Children in Neighborhood |
|---|---|---|---|---|

### Structural Deterioration Percent of Damage (Include Fire Damage)

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ◉ 4 | ○ 10 | ○ 20 |
| Exterior Walls | 20 | ◉ 4 | ○ 10 | ○ 20 |
| Interior Walls | 15 | ○ 3 | ○ 7.5 | ◉ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ◉ 10 |
| Foundation | 10 | ○ 4 | ○ 10 | ◉ 20 |
| Plumbing | 20 | ○ 1 | ○ 2.5 | ◉ 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| Subtotals | | 0.00% | 20.00% | 60.00% |

Total Deterioration (Add Subtotals)  68.0%  Percent

| ☐ Electric drop to be removed | Meter # NONE | Cu. Yards of Debris 3-5 |
|---|---|---|
| ☐ Gas service to be removed | Meter # NONE | Sq. Ft. of Asbestos NONE |
| ☐ Water service to be removed | Meter # YES | Other |

Lot Size

**MAP**

Additional Comments

END GATE MOBILE HOME PARK



↑ North

Hillsborough

| ☐ Public Nuisance | | | | Inspected by:   M WILLIAMS | |
|---|---|---|---|---|---|

| Date 9/18/03 | Emergency | Hardship | ◯ Commercial | City of Tampa |
|---|---|---|---|---|
| Special Project/Action File # | ◉ Yes<br>◯ No | ◯ Yes<br>◉ No | ◉ Residential<br>◯ Industrial | Department of Code Enforcement<br>**Condemnation Report** |

| Number 4402 | Street E HILLSBOROUGH AVE | # Units 99 | # Floors 1 | Apt # 204 | Occupied 0 | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|

| Owner's Name GIFFORD WILBUR E | Folio/Pin 154175.0000 | Condition Condemned | Material Wood | Asbestos None Seen |
|---|---|---|---|---|

| Owner's Address 11919 SUGARBERRY DR |
|---|

| City/State/Zip RIVERVIEW, FL  33569 |
|---|

| Approximate Square Footage 720 | Percentage of Deterioration 61.5% | Repair Estimate $19,926.00 | Improved Value $500.00 | % to Value 3985% |
|---|---|---|---|---|

Hazardous Conditions    NOT TIED DOWN TO CODE, NO SMOKE DETECTORS, OPEN ELECTRICAL WIRING, ELECTRICAL SERVICE IS #10 ROMEX,  NO STAIRS AT BACK DOOR, NO RAILING ON STAIRS AT FRONT DOOR, EXTERIOR WALLS ROTTING AWAY FROM FLOOR, ROTTING GARBAGE AND TRASH THROUGHOUT, CHICKEN BONES AND FOOD ALL OVER FLOOR, STENCH OF MOLD, MILDEW AND ROTTING GARBAGE, CARPET IS VERY NASTY AND STAINED, ENTIRE TRAILER IS VERY UNSANITARY, SMELL IS TERRIBLE

| ◯ Occupied | ◉ Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
|---|---|---|---|---|
| ◉ Vacant | ◯ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

### Structural Deterioration Percent of Damage (Include Fire Damage)

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ◉ 4 | ◯ 10 | ◯ 20 |
| Exterior Walls | 20 | ◯ 4 | ◉ 10 | ◯ 20 |
| Interior Walls | 15 | ◯ 3 | ◉ 7.5 | ◯ 15 |
| Floor/Flooring | 10 | ◯ 2 | ◉ 5 | ◯ 10 |
| Foundation | 20 | ◯ 4 | ◯ 10 | ◉ 20 |
| Plumbing | 5 | ◯ 1 | ◯ 2.5 | ◉ 5 |
| Electrical | 5 | ◯ 1 | ◯ 2.5 | ◉ 5 |
| A/C and Heat | 5 | ◯ 1 | ◯ 2.5 | ◉ 5 |
| | Subtotals | 4.00% | 22.50% | 35.00% |

| Total Deterioration (Add Subtotals) | 61.5%   Percent |
|---|---|

| ☑ Electric drop to be removed | Meter # 006518 CC | Cu. Yards of Debris  5 |
|---|---|---|
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos   NONE SEEN |
| ☐ Water service to be removed | Meter # | Other |

| Lot Size |
|---|

### MAP

MOBILE HOME 204 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD

DIRT ROAD

North

Additional Comments

LOCATED IN ENDGATE MOBILE HOMEPARK ON EAST HILLSBOROUGH AVENUE

☐ Public Nuisance

Inspected by:  M WILLIAMS

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Date | Emergency | Hardship | | |
|---|---|---|---|---|
| 9/18/03 | ◉ Yes | ○ Yes | ○ Commercial | |
| Special Project/Action File # | ○ No | ◉ No | ◉ Residential | |
| | | | ○ Industrial | |

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|
| 4402 | E HILLSBOROUGH AVE | 99 | 1 | 206 | 0 | | |

| | Folio/Pin | Condition | Material | Asbestos |
|---|---|---|---|---|
| Owner's Name GIFFORD WILBUR E | 154175.0000 | Condemned | Wood | None Seen |

Owner's Address
11919 SUGARBERRY DR

City/State/Zip
RIVERVIEW, FL 33569

| Approximate Square Footage | Percentage of Deterioration | Repair Estimate | Improved Value | % to Value |
|---|---|---|---|---|
| 720 | 77.5% | $25,110.00 | $500.00 | 5022% |

Hazardous Conditions    NOT TIED DOWN TO CODE, FOUNDATION SLIPPING - TRAILER LEANING, NO SMOKE DETECTORS, OPEN ELECTRICAL WIRING, ELECTRICAL SERVICE IS #10 ROMEX,  NO STAIRS AT BACK DOOR, NO RAILING ON STAIRS AT FRONT DOOR, EXTERIOR WALLS ROTTED,  FAULTY ELECTRICAL DEVICES, DROP CORD WIRING, STENCH OF MOLD, MILDEW THROUGHOUT TRAILER, VERY UNSANITARY

| | | | |
|---|---|---|---|
| ○ Occupied | ◉ Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
| ◉ Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage (Include Fire Damage)**

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ◉ 10 | ○ 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ◉ 20 |
| Interior Walls | 15 | ○ 3 | ◉ 7.5 | ○ 15 |
| Floor/Flooring | 10 | ○ 2 | ◉ 5 | ○ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ◉ 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| Subtotals | | 0.00% | 22.50% | 55.00% |

Total Deterioration (Add Subtotals)    77.5%    Percent

| | | |
|---|---|---|
| ☑ Electric drop to be removed | Meter # 410173 CL | Cu. Yards of Debris  10 |
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos   NONE SEEN |
| ☐ Water service to be removed | Meter # | Other |

Lot Size

**MAP**



MOBILE HOME 206 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD

DIRT ROAD

North

Additional Comments

LOCATED IN ENDGATE MOBILE HOMEPARK ON EAST HILLSBOROUGH AVENUE

☐ Public Nuisance

Inspected by:  M WILLIAMS

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Date 9/18/03 | Emergency | Hardship | ○Commercial | |
|---|---|---|---|---|
| Special Project/Action File # | ◉ Yes  ○ No | ○ Yes  ◉ No | ◉Residential  ○Industrial | |

| Number 4402 | Street E HILLSBOROUGH AVE | # Units 99 | # Floors 1 | Apt # 211 | Occupied 0 | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|

| Owner's Name GIFFORD WILBUR E | Folio/Pin 154175.0000 | Condition Terminal | Material Wood | Asbestos None Seen |
|---|---|---|---|---|

Owner's Address
11919 SUGARBERRY DR

City/State/Zip
RIVERVIEW, FL  33569

| Approximate Square Footage 720 | Percentage of Deterioration 66.5% | Repair Estimate $21,546.00 | Improved Value $500.00 | % to Value 4309% |
|---|---|---|---|---|

Hazardous Conditions
NOT TIED DOWN TO CODE, FOUNDATION SLIPPING - TRAILER LEANING, NO SMOKE DETECTORS, OPEN ELECTRICAL WIRING, ELECTRICAL
SERVICE IS #10 ROMEX LAYING ON TOP OF THE GROUND. NO STAIRS AT BACK DOOR, NO RAILING ON STAIRS AT FRONT DOOR, CARPET
COVERING BAD FLOORING

| ○ Occupied | ◉ Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
|---|---|---|---|---|
| ◉ Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage** *(Include Fire Damage)*

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ◉ 4 | ○ 10 | ○ 20 |
| Exterior Walls | 20 | ○ 4 | ◉ 10 | ○ 20 |
| Interior Walls | 15 | ○ 3 | ◉ 7.5 | ○ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ◉ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ◉ 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| Electrical | 5 | ○ 1 | ○2.5 | ◉ 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| Subtotals | | 4.00% | 17.50% | 45.00% |

Total Deterioration (Add Subtotals)    66.5%   Percent

| ☑ Electric drop to be removed | Meter # 531759 CM | Cu. Yards of Debris 3 |
|---|---|---|
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos  NONE SEEN |
| ☐ Water service to be removed | Meter # | Other |

Lot Size

**MAP**

MOBILE HOME 211 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD

DIRT ROAD

North

Additional Comments

LOCATED IN ENDGATE MOBILE
HOMEPARK ON EAST HILLSBOROUGH
AVENUE

☐ Public Nuisance

Inspected by: M WILLIAMS

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Date | Emergency | Hardship | |
|---|---|---|---|
| 9/18/03 | ● Yes ○ No | ○ Yes ● No | ○ Commercial ● Residential ○ Industrial |

Special Project/Action File #

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|
| 4402 | E HILLSBOROUGH AVE | 99 | 1 | 212 | 0 | | |

| Owner's Name | Folio/Pin | Condition | Material | Asbestos |
|---|---|---|---|---|
| GIFFORD WILBUR E | 154175.0000 | Terminal | Wood | None Seen |

Owner's Address
11919 SUGARBERRY DR

City/State/Zip
RIVERVIEW, FL  33569

| Approximate Square Footage | Percentage of Deterioration | Repair Estimate | Improved Value | % to Value |
|---|---|---|---|---|
| 720 | 77.5% | $25,110.00 | $500.00 | 5022% |

Hazardous Conditions
FOUNDATION SLIPPING - TRAILER LEANING, NOT TIED DOWN TO CODE, NO SMOKE DETECTORS, OPEN ELECTRICAL WIRING, ELECTRICAL
SERVICE IS #10 ROMEX, SEWAGE ON GROUND UNDERNEATH TRAILER, NO STAIRS AT FRONT DOOR, NO RAILING ON STAIRS AT REAR DOOR
EXTERIOR WALLS ARE ROTTED AND BUSTED LOOSE FROM FLOOR

| | | | | |
|---|---|---|---|---|
| ○ Occupied | ● Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
| ● Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage** (*Include Fire Damage*)

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ● 10 | ○ 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ● 20 |
| Interior Walls | 15 | ○ 3 | ● 7.5 | ○ 15 |
| Floor/Flooring | 10 | ○ 2 | ● 5 | ○ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ● 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ● 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Subtotals | | 0.00% | 22.50% | 55.00% |

Total Deterioration (Add Subtotals)   77.5%   Percent

| | |
|---|---|
| ☑ Electric drop to be removed   Meter # 953576 CM | Cu. Yards of Debris  5 |
| ☐ Gas service to be removed   Meter # | Sq. Ft. of Asbestos   NONE SEEN |
| ☐ Water service to be removed   Meter # | Other |

Lot Size

**MAP**

MOBILE HOME 212 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD

DIRT ROAD

North

Additional Comments

LOCATED IN ENDGATE MOBILE
HOMEPARK ON EAST HILLSBOROUGH
AVENUE

EXTERIOR WALLS BUSTED OUT

☐ **Public Nuisance**

Inspected by:  M WILLIAMS

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Date | Emergency | Hardship | | |
|---|---|---|---|---|
| 9/18/03 | ⦿ Yes / ○ No | ○ Yes / ⦿ No | ○ Commercial / ⦿ Residential / ○ Industrial | |

Special Project/Action File #

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|
| 4402 | E HILLSBOROUGH AVE | 99 | 1 | 313 | 0 | | |

| Owner's Name | Folio/Pin | Condition | Material | Asbestos |
|---|---|---|---|---|
| PRIVATELY OWNED AND ABANDONED | 154175.0000 | Terminal | Wood | None Seen |

Owner's Address

City/State/Zip

| Approximate Square Footage | Percentage of Deterioration | Repair Estimate | Improved Value | % to Value |
|---|---|---|---|---|
| 720 | 100.0% | $32,400.00 | $500.00 | 6480% |

Hazardous Conditions: EXTREMELY UNSANITARY, ROTTING GARBAGE, TRASH AND FILTH, NO RAILINGS ON STEPS, NOT TIED DOWN TO CODE, FOUNDATION IS SLIPPING, NO SMOKE DETECTORS, ALL WALLS IN STATE OF COLLAPSE AND ROOF IS FALLING DOWN, DROP CORD WIRING, INFESTED WITH ROACHES AND INSECTS, STENCH IS UNBEARABLE

| | | | |
|---|---|---|---|
| ○ Occupied | ⦿ Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
| ⦿ Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage** (*Include Fire Damage*)

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Interior Walls | 15 | ○ 3 | ○ 7.5 | ⦿ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ⦿ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| Subtotals | | 0.00% | 0.00% | 100.00% |

Total Deterioration (Add Subtotals)   100.0%   Percent

| | | |
|---|---|---|
| ☑ Electric drop to be removed | Meter # 299439 | Cu. Yards of Debris  3 |
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos  NONE SEEN |
| ☐ Water service to be removed | Meter # | Other |

Lot Size

**MAP**

MOBILE HOME 313 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD    DIRT ROAD

↑
North

Additional Comments

LOCATED IN ENDGATE MOBILE
HOMEPARK ON EAST HILLSBOROUGH
AVENUE



# CITY OF TAMPA

Pam Iorio, Mayor                                    Department of Code Enforcement

Action File #03-21066                        DATE: 09/22/03

TO:          Condemnation Team

FROM:        Manager, Division of Neighborhood Improvement

SUBJECT:     Condemnation Site Review          *LOTS A3, A4, 204, 206*

LOCATION:    4402 E HILLSBOROUGH AV, -04       *211, 212, 313*

Pursuant to Chapter 19-5 A 2,a,d+3+4/ _____ of the City of Tampa Code,
request that the Condemnation Team review the aforementioned location
for condemnation.

We, the undersigned members of the Condemnation Team, have reviewed the
above referenced property as set forth in Chapter 19-5 A 2, 3, & 4
of the City of Tampa Code and our findings are noted below.

_✓_Condemnable  _____Not Condemnable  _✓_Structural  _✓_Public Nuisance

_____          9/23/03
Sam Smith, Chief Code Enforcement Officer          Date

_✓_Condemnable  _____Not Condemnable  _✓_Structural  _✓_Public Nuisance

_____          9/23/03
Roland Gonzalez, Fire Marshal                      Date

_✓_Condemnable  _____Not Condemnable  _✓_Structural  _✓_Public Nuisance

_____          07/23/03
Nick D'Andrea                                      Date

Building Official or Designee

RECEIVED AND APPROVED:_____          9/24/03
                       WILLIAM D. DOHERTY, MANAGER   Date

EXHIBIT "E"

Certified Mail #ZZ200220211
DATE:  09/24/03
GIFFORD WILBUR E .
11919 SUGARBERRY DR
RIVERVIEW, FL  33569

RE: 4402 E HILLSBOROUGH AV, -04- Action File #03-21066   Folio # 154175.0000

CITY OF TAMPA EMERGENCY ORDER TO
DEMOLISH

An inspection of the structure located at the above address having a
legal description of:

RUBENSTEIN'S SUBDIVISION REVISED MAP
BLOCK 1 AND VAC ALLEYS LYING THEREIN LESS R/W AND
BLOCK 2 AND VAC ALLEY ABUTTING ON E LESS R/W AND
THAT PT OF VAC ST LYING BTWN BLOCKS 1 AND 2 LESS
R/V AND THAT PT OF SW 1/4 OF SW 1/4 OF SE 1/4 OF
33-28-19 LYING N OF REV MAP OF RUBENSTEINS LESS N
66 FT MOL ALL BEING MORE PARTICULARLY DESC AS BEG
AT INTERS OF W BDRY OF LOT 60 OF FUNK'S HOME PK
SUB WITH N R/W OF HILLSBOROUGH AVE SD PT LYING
17 FT N OF SW COR OF SD LOT 60 THR ALG E BDRY OF
VAC ALLEY ABUTTING ON E OF BLK 2 REV MAP OF RUBEN-
STEINS AND WLY EXT OF SD BDRY N 532.7 FT TO A PT
66 FT MOL S OF N BDRY OF SW 1/4 OF SW1 /4 OF SE
1/4 OF 33-28-19 THCN W 632 FT THN S TO N R/W OF
HILLSBOROUGH AVE THN E 632 FT TO POB

LOTS A3, A4, 204, 206, 211, 212, 313

INSTR # 2003406982
O BK 13141 PG 1940
Pg 1940: (1pg)
RECORDED 09/25/2003 11:04:28 AM
RICHARD AKE CLERK OF COURT
HILLSBOROUGH COUNTY
DEPUTY CLERK S Williams

*HAND DELIVERED 9-28-03 See ATTACHED*

established that it (1) is condemnable, pursuant to Section 19-5(5) &
19-7 City Code, as confirmed by the City of Tampa ("City") Condemnation
Team, and (2) constitutes a nuisance as defined in Section 19-48 & 19-49
City Code.  The City consequently ORDERS that (1) the structure be
condemned, (2) you immediately and permanently vacate the structure, and
(3)you demolish the structure and clear the property of debris by
__9/26/2003__ . If you fail to demolish the structure by that date, (1)
you must remove all material and personal property from the structure
by  __9/27/2003__     or the City will dispose of it pursuant to Chapter
19, City Code, and (2) City may demolish the structure at its cost
and assess a lien, superior to all other liens except tax liens, on
the property for that cost, plus a $175.00 surcharge plus interest per
annum enforceable like other city liens if unsatisfied a year from the
date this order is filed. If you fail to comply with any term
of this order, you are subject to all other penalties allowed by
law.

Pursuant to Section 19-166 of the City Code you may appeal this order to
the Code Enforcement Board within 21 days from the date this order was
served upon you.  However, since an emergency order has been issued to
demolish the condemned structure pursuant to Section 19-7 of the City
Code, the structure shall, pursuant to Section 19-168 of City Code, be

demolished by the City notwithstanding said 21 day period to appeal.
Conveyance of your interest in the property while this order is pending
will not affect this order. Any person acquiring an interest in the
property takes it subject to this order.

DONE AND ORDERED this  25TH  day of  SEPTEMBER   20 03 .

William D. Doherty Deputy Director

THIS IS TO CERTIFY THAT THE FOREGOING IS A
TRUE AND CORRECT COPY OF THE DOCUMENT ON
FILE IN MY OFFICE. WITNESS MY HAND AND
OFFICIAL SEAL THIS........................DAY OF.........................20.........
.................................................................D.C.

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

State of Florida
County of Hillsborough

The foregoing instrument was acknowledged before me this 25TH day of SEPTEMBER   2003 , by William Doherty,
Manager of Neighborhood Improvement, who is personally known to me.

Notary Stamp:
DEBRA K. HANSON
Notary Public, State of Florida
My comm. exp. Nov. 28, 2003
Comm. No. DD 124579

Notary Public - Signature

Debra K Hanson
Notary Name - Type or Print

Approved as to form by:

JORGE D. MARTIN
Assistant City Attorney

Return to:
BCS/Neighborhood Improvement
102 E. 7th Av.
Tampa, FL   33602
(813) 274-5545

COMPOSITE EXHIBIT "F"

677-8662

## HAND DELIVER

NAME: _GIFFORD WILBUR E._

ADDRESS: _11919 SUGARBERRY DR._
_RIVERVIEW, FL. 33569_

I RECEIVED A NOTICE OF VIOLATION AND/OR
NOTICE OF PUBLIC HEARING ON THE DATE
INDICATED CONCERNING PROPERTY IDENTIFIED
AS:

ADDRESS: _4402-04 E. HILLSBOROUGH AVE_
_TAMPA FL._

LEGAL DESCRIPTION: _LOTS A3, A4, 204, 206, 211, 212, 213_
_SEE ATTACHED_

FOLIO NO: _154175.0000_

AF#: _03-21066_

SIGNATURE: _Wilbur Gifford_

DELIVERED BY: _DAWN COLVIN_

TODAY'S DATE: _9-28-03  4PM_

RE-INSPECTION DUE DATE: _____



# CITY OF TAMPA

Pam Iorio, Mayor

Office of the City Clerk

Code Enforcement Board

## APPEAL FORM

PLEASE NOTE: ONLY TYPEWRITTEN FORMS WILL BE ACCEPTED FOR FILING.

FILE NO. _____   DATE RECEIVED: _____

(office use only)                                                        (office use only)

1. Name of Appellant:   Wilbur E. Gifford

2. Mailing Address:   11919 Sugarberry Dr., Riverview, FL 33569

3. Telephone Number: Day 813-760-0142   Evening 813-760-0142

4. Address of subject property:   4402 E. Hillsborough Ave.

   Tampa, FL

5. Appellant is (check one):   X   Owner _____ Lessee _____ Other

   If "Other" please specify: _____

6. Action File Number:   #03-21066

7. Brief description of the nature of the appeal:

   Appeal of Emergency Order to Demolish dated September 25,   2003

8. Date of Code Enforcement Board decision:   N/A - Emergency   Order

   (Attach one copy of the CEB decision)

Signature of Appellant _____   Date 10/8/03

315 East Kennedy Blvd. • Tampa, Florida 33602 • (813) 274-7286 • FAX: (813) 274-8306



www.tampagov.net

H. B. WALKER INC
2895 MERCY DRIVE
ORLANDO, FL  32808

ACTION FILE #03-21066                    DATE: 09/29/03

FROM:  CITY OF TAMPA - DIVISION OF NEIGHBORHOOD IMPROVEMENT          102 E. 7TH AVENUE, TAMPA, FL 33602

SUBJECT:   AUTHORIZATION TO PROCEED - DEMOLITION AND/OR ASBESTOS REMOVAL

You are hereby authorized to perform the services necessary to  bring the property described below into compliance with
Section 19-5 of the City of Tampa Code.

IF THE COST FOR SERVICES IS DIFFERENT FROM BELOW, PLEASE NOTIFY THIS OFFICE BEFORE PROCEEDING WITH SERVICES.

| LEGAL DESCRIPTION | LOT | SQFT | CU YDS DEBRIS |
|---|---|---|---|
| RUBENSTEIN'S SUBDIVISION REVISED MAP | A3 | 980 | 10 |
| BLOCK 1 AND VAC ALLEYS LYING THEREIN LESS R/W AND | | | |
| BLOCK 2 AND VAC ALLEY ABUTTING ON E LESS R/W AND | A4 | 980 | 5 |
| THAT PT OF VAC ST LYING BTWN BLOCKS 1 AND 2 LESS | | | |
| R/W AND THAT PT OF SW 1/4 OF SW 1/4 OF SE 1/4 OF | 204 | 720 | 5 |
| 33-28-19 LYING N OF REV MAP OF RUBENSTEINS LESS N | | | |
| 66 FT MOL ALL BEING MORE PARTICULARLY DESC AS BEG | 206 | 720 | 10 |
| AT INTERS OF W BDRY OF LOT 60 OF FUNK'S HOME PK | | | |
| SUB WITH N R/W OF HILLSBOROUGH AVE SD PT LYING | 211 | 720 | 3 |
| 17 FT N OF SW COR OF SD LOT 60 THN ALG E BDRY OF | | | |
| VAC ALLEY ABUTTING ON E OF BLK 2 REV MAP OF RUBEN- | 212 | 720 | 5 |
| STEINS AND NLY EXT OF SD BDRY N 532.7 FT TO A PT | | | |
| 66 FT MOL S OF N BDRY OF SW 1/4 OF SW1 /4 OF SE | 313 | 720 | 3 |
| 1/4 OF 33-28-19 THN W 632 FT THN S TO N R/W OF | | | |
| HILLSBOROUGH AVE THN E 632 FT TO POB | 7 | 5560 | 41 |
| Address: 4402 E HILLSBOROUGH AV, -04     Tract: 10 | | | |

If you need any assistance in locating the property described above, please contact the Chief Officer at 274-5545.

OWNER: GIFFORD WILBUR E .
11919 SUGARBERRY DR
RIVERVIEW, FL 33569
Work Order # 03-21066

_____
Chief Code Enforcement Officer

-----------------------------------------------------------------

I hereby certify that the services authorized above have  been performed and the true and accurate charges are as follows:

Square Feet: 5560   Debris (Cubic Yards):  41

Asbestos (Sq. Ft.):  none       Miscellaneous:

WET DEMO                         H. B. WALKER INC
5560 X 2.11 = $11,731.60    BY: _____

** PLEASE RETURN ENTIRE ORIGINAL FORM FOR PAYMENT **
The services described above have been completed      Date Verified Down & Clean _____

_____
Inspector Neighborhood Improvement

CONTRACTOR CHARGE:          $  20,780.40

Exhibit H

☑ **Public Nuisance**

Inspected by: K MCRAE

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

Date: 9/16/03
Special Project/Action File #

Emergency: ● Yes ○ No

Hardship: ○ Yes ● No

○ Commercial  ● Residential  ○ Industrial

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|
| 4402 | E. Hillsborough Av. | 1 | 1 | Lot B | no | 2 | 1 |

Owner's Name: Wilbur Gifford

Folio/Pin: 154175.0000

Condition: Condemned   Material: Steel   Asbestos: None Seen

Owner's Address: 11919 Sugarberry Dr,

City/State/Zip: Riverview, Florida 33569

| Approximate Square Footage | Percentage of Deterioration | Repair Estimate | Improved Value | % to Value |
|---|---|---|---|---|
| 720 | 80.0% | $25,920.00 | $500.00 | 5184% |

Hazardous Conditions

No tie downs, floors sagging, no electric, water, or sanitary facilities

○ Occupied   ● Vacant   ● Open   ○ Secure   ☑ Fire Hazard   ☐ Vandalized   ☑ Overgrown   ☑ Unsanitary   ☐ Near School   ☑ Children in Neighborhood

**Structural Deterioration Percent of Damage** *(Include Fire Damage)*

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ○ 10 | ● 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ● 20 |
| Interior Walls | 15 | ○ 3 | ● 7.5 | ○ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ● 10 |
| Foundation | 20 | ○ 4 | ● 10 | ○ 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ● 5 |
| A/C and Heat | 5 | ○ 1 | ● 2.5 | ○ 5 |
| Subtotals | | 0.00% | 20.00% | 60.00% |

Total Deterioration (Add Subtotals)   80.0%   Percent

☑ Electric drop to be removed   Meter #
☐ Gas service to be removed   Meter #
☐ Water service to be removed   Meter #

Cu. Yards of Debris   10
Sq. Ft. of Asbestos
Other

Lot Size

**MAP**



Additional Comments

End Gate Trailer Park, Lot B

Hillsborough

↑ North

COMPOSITE EXHIBIT "I"

☑ **Public Nuisance**

Inspected by:

**City of Tampa**
**Department of Code Enforcement**
# Condemnation Report

| Date 9/16/03 | Emergency ⦿ Yes ◯ No | Hardship ◯ Yes ⦿ No | ◯ Commercial ⦿ Residential ◯ Industrial |
|---|---|---|---|
| Special Project/Action File # | | | |

| Number 4402 | Street E. Hillsborough Av. | # Units 1 | # Floors 1 | Apt # 130 | Occupied no | # Hab. Rms. 3 | # Bedrms 2 |
|---|---|---|---|---|---|---|---|

| Owner's Name Wilbur Gifford | Folio/Pin 154175.0000 | Condition Condemned | Material Steel | Asbestos None Seen |
|---|---|---|---|---|

Owner's Address
11919 Sugarberry Dr,

City/State/Zip
Riverview, Florida 33569

| Approximate Square Footage 720 | Percentage of Deterioration 80.0% | Repair Estimate $25,920.00 | Improved Value $500.00 | % to Value 5184% |
|---|---|---|---|---|

Hazardous Conditions
### No tie downs, floors sagging, no electric, water, or sanitary facilities

| ◯ Occupied ⦿ Vacant | ⦿ Open ◯ Secure | ☑ Fire Hazard ☐ Vandalized | ☑ Overgrown ☑ Unsanitary | ☐ Near School ☑ Children in Neighborhood |
|---|---|---|---|---|

**Structural Deterioration Percent of Damage** *(Include Fire Damage)*

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ◯ 4 | ◯ 10 | ⦿ 20 |
| Exterior Walls | 20 | ◯ 4 | ⦿ 10 | ◯ 20 |
| Interior Walls | 15 | ◯ 3 | ⦿ 7.5 | ◯ 15 |
| Floor/Flooring | 10 | ◯ 2 | ◯ 5 | ⦿ 10 |
| Foundation | 20 | ◯ 4 | ◯ 10 | ⦿ 20 |
| Plumbing | 5 | ◯ 1 | ◯ 2.5 | ⦿ 5 |
| Electrical | 5 | ◯ 1 | ◯ 2.5 | ⦿ 5 |
| A/C and Heat | 5 | ◯ 1 | ⦿ 2.5 | ◯ 5 |
| Subtotals | | 0.00% | 20.00% | 60.00% |

| Total Deterioration (Add Subtotals) | 80.0% | Percent |
|---|---|---|

| ☑ Electric drop to be removed | Meter # | Cu. Yards of Debris 15 |
|---|---|---|
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos |
| ☐ Water service to be removed | Meter # | Other |

Lot Size

## MAP



Hillsborough

North

Additional Comments

End Gate Trailer Park, #130

☐ **Public Nuisance**                                          Inspected by:  M. WILLIAMS

| | | | | |
|---|---|---|---|---|
| Date<br>9/17/03 | Emergency<br>⦿ Yes<br>○ No | Hardship<br>○ Yes<br>⦿ No | ○ Commercial<br>⦿ Residential<br>○ Industrial | City of Tampa<br>Department of Code Enforcement<br>**Condemnation Report** |
| Special Project/Action File # | | | | |

| Number<br>4402 | Street<br>E HILLSBOROUGH AVE | # Units<br>99 | # Floors<br>1 | Apt #<br>220 | Occupied<br>0 | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|

| Owner's Name<br>GIFFORD WILBUR E | Folio/Pin<br>154175.0000 | Condition<br>Terminal | Material<br>Wood | Asbestos<br>None Seen |
|---|---|---|---|---|

Owner's Address
**11919 SUGARBERRY DR**

City/State/Zip
**RIVERVIEW, FL 33569**

| Approximate Square Footage<br>720 | Percentage of Deterioration<br>80.0% | Repair Estimate<br>$25,920.00 | Improved Value<br>$500.00 | % to Value<br>5184% |
|---|---|---|---|---|

Hazardous Conditions   NOT TIED DOWN TO CODE, FLOORS WALLS AND CEILINGS ROTTING, HOLES IN FLOORS COVERED OVER WITH CARPET, NO RAILINGS ON STEPS, NO SMOKE DETECTORS, OPEN ELECTRICAL WIRING, DROP CORD WIRING, FULL OF TRASH ROTTING GARBAGE AND FLIES AND INSECTS, ENTIRE TRAILER REAKS OF MOLD, MILDEW, AND GARBAGE AND FILTH, VERY UNSANITARY, VERY DETERIORATED

| | | | |
|---|---|---|---|
| ○ Occupied | ⦿ Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
| ⦿ Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage** *(Include Fire Damage)*

| Component | Percent of Structure | Minor<br>(.2) | Major<br>(.5) | Substantial<br>(1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ⦿ 10 | ○ 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Interior Walls | 15 | ○ 3 | ○ 7.5 | ⦿ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ⦿ 10 |
| Foundation | 20 | ○ 4 | ⦿ 10 | ○ 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| | Subtotals | 0.00% | 20.00% | 60.00% |

Total Deterioration (Add Subtotals)   80.0%   Percent

| | | |
|---|---|---|
| ☑ Electric drop to be removed | Meter # 959677 | Cu. Yards of Debris  10 |
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos   NONE SEEN |
| ☐ Water service to be removed | Meter # | Other |
| Lot Size | | |

**MAP**

MOBILE HOME 220 LOCATED IN PARK

Additional Comments

LOCATED IN ENDGATE MOBILE HOMEPARK ON EAST HILLSBOROUGH AVENUE.

ELECTRICAL SERVICE IS PROVIDE BY #12 ROMEX

DIRT ROAD

↑
North

DIRT ROAD

DIRT ROAD

☐ **Public Nuisance**

Inspected by: M. WILLIAMS

City of Tampa
Department of Code Enforcement
**Condemnation Report**

| Date | Emergency | Hardship | | |
|---|---|---|---|---|
| 9/17/03 | ● Yes | ○ Yes | ○ Commercial | |
| Special Project/Action File # | ○ No | ● No | ● Residential | |
| | | | ○ Industrial | |

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|
| 4402 | E HILLSBOROUGH AVE | 99 | 1 | 223 | 0 | | |

| Owner's Name | Folio/Pin | Condition | Material | Asbestos |
|---|---|---|---|---|
| GIFFORD WILBUR E | 154175.0000 | Terminal | Wood | None Seen |

Owner's Address
11919 SUGARBERRY DR

City/State/Zip
RIVERVIEW, FL 33569

| Approximate Square Footage | Percentage of Deterioration | Repair Estimate | Improved Value | % to Value |
|---|---|---|---|---|
| 720 | 77.5% | $25,110.00 | $500.00 | 5022% |

Hazardous Conditions
NO RAILS ON FRONT STEPS, NO STEPS AT REAR DOOR, NO SMIKE DETECTORS, OPEN ELECTRICAL
WIRING, DROP CORD WIRING, EXTERIOR WALLS ROTTED, ROOF LEAKS, NOT TIED DOWN TO CODE.

| ○ Occupied | ● Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
|---|---|---|---|---|
| ● Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage (Include Fire Damage)**

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ● 10 | ○ 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ● 20 |
| Interior Walls | 15 | ○ 3 | ● 7.5 | ○ 15 |
| Floor/Flooring | 10 | ○ 2 | ● 5 | ○ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ● 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ● 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Subtotals | | 0.00% | 22.50% | 55.00% |

Total Deterioration (Add Subtotals)   77.5%   Percent

| ☑ Electric drop to be removed | Meter # 960138 CM | Cu. Yards of Debris 10 |
|---|---|---|
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos NONE SEEN |
| ☐ Water service to be removed | Meter # | Other |

Lot Size

**MAP**

MOBILE HOME 223 LOCATED IN PARK

Additional Comments

LOCATED IN ENDGATE MOBILE HOMEPARK ON
EAST HILLSBOROUGH AVENUE.

ENTIRE INTERIOR HAS THE STENCH OF MOLD,
MILDEW AND FILTH.



DIRT ROAD

DIRT ROAD

DIRT ROAD

↑
North

☐ **Public Nuisance**

Inspected by:  M. WILLIAMS

| | | | |
|---|---|---|---|
| Date **9/17/03** | Emergency ◉ Yes ○ No | Hardship ○ Yes ◉ No | ○ Commercial ◉ Residential ○ Industrial |

City of Tampa
Department of Code Enforcement
**Condemnation Report**

Special Project/Action File #

| Number **4402** | Street **E HILLSBOROUGH AVE** | # Units **99** | # Floors **1** | Apt # **224** | Occupied **0** | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|

| Owner's Name **HAZEL MANNING** | Folio/Pin **154175.0000** | Condition **Terminal** | Material **Wood** | Asbestos **None Seen** |
|---|---|---|---|---|

Owner's Address **7200 E CAUSEWAY BLVD**     626-7755

City/State/Zip **TAMPA FL 33619**

| Approximate Square Footage **720** | Percentage of Deterioration **100.0%** | Repair Estimate **$32,400.00** | Improved Value **$500.00** | % to Value **6480%** |
|---|---|---|---|---|

Hazardous Conditions   NO RAILS ON FRONT STEPS, FLOORS AND EXTERIOR WALLS COMPLETELY ROTTED, BLOCKING HOLDING UP EXTERIOR WALLS - READY TO COLLAPSE, NO SMOKE DETECTORS, OPEN ELECTRICAL WIRING, NOT TIED DOWN TO CODE. WATER HEATER HAS ALREADY FALLEN THROUGH FLOOR.

○ Occupied   ◉ Open   ☑ Fire Hazard   ☑ Overgrown   ☐ Near School
◉ Vacant   ○ Secure   ☑ Vandalized   ☑ Unsanitary   ☑ Children in Neighborhood

**Structural Deterioration Percent of Damage** *(Include Fire Damage)*

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ○ 10 | ◉ 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ◉ 20 |
| Interior Walls | 15 | ○ 3 | ○ 7.5 | ◉ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ◉ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ◉ 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| Subtotals | | 0.00% | 0.00% | 100.00% |

Total Deterioration (Add Subtotals)   **100.0%**   Percent

| | |
|---|---|
| ☑ Electric drop to be removed   Meter # 699797 CM | Cu. Yards of Debris  10 |
| ☐ Gas service to be removed   Meter # | Sq. Ft. of Asbestos   NONE SEEN |
| ☐ Water service to be removed   Meter # | Other |

Lot Size

**MAP**

MOBILE HOME 224 LOCATED IN PARK

Additional Comments

LOCATED IN ENDGATE MOBILE HOMEPARK ON EAST HILLSBOROUGH AVENUE.

ENTIRE INTERIOR HAS THE STENCH OF MOLD, MILDEW AND FILTH.



North

DIRT ROAD

DIRT ROAD

DIRT ROAD

☐ **Public Nuisance**

Inspected by: M. WILLIAMS

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Date | Emergency | Hardship | ○ Commercial | |
|------|-----------|----------|--------------|--|
| 9/17/03 | ○ Yes | ○ Yes | ● Residential | |
| Special Project/Action File # | ● No | ● No | ○ Industrial | |

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|--------|--------|---------|----------|-------|----------|-------------|----------|
| 4402 | E HILLSBOROUGH AVE | 99 | 1 | 225 | 0 | | |

| | Folio/Pin | Condition | Material | Asbestos |
|--|-----------|-----------|----------|----------|
| | 154175.0000 | Terminal | Wood | None Seen |

Owner's Name
GIFFORD WILBUR E

Owner's Address
11919 SUGARBERRY DR

City/State/Zip
RIVERVIEW, FL 33569

| Approximate Square Footage | Percentage of Deterioration | Repair Estimate | Improved Value | % to Value |
|----------------------------|------------------------------|------------------|------------------|------------|
| 720 | 92.0% | $29,808.00 | $500.00 | 5962% |

Hazardous Conditions
NO RAILS ON FRONT STEPS, NO STEPS AT REAR DOORS, NO SMOKE DETECTORS, DROP CORD WIRING, EXTERIOR WALLS EXTREMELY DETERIORATED, NOT TIED DOWN TO CODE, FULL OF TRASH AND GARBAGE. ENTIRE TRAILER REAKS OF MOLD, MILDEW AND THE STENCH OF FILTH.

| ○ Occupied | ● Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
|------------|--------|----------------|-------------|----------------|
| ● Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage** *(Include Fire Damage)*

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|-----------|----------------------|------------|------------|-----------------|
| Roof/Trusses | 20 | ○ 4 | ○ 10 | ● 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ● 20 |
| Interior Walls | 15 | ○ 3 | ○ 7.5 | ● 15 |
| Floor/Flooring | 10 | ● 2 | ○ 5 | ○ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ● 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ● 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Subtotals | | 2.00% | 0.00% | 90.00% |

Total Deterioration (Add Subtotals)   92.0%   Percent

| | | | |
|--|--|--|--|
| ☑ Electric drop to be removed | Meter # 740493 CL | Cu. Yards of Debris  7 | |
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos  NONE SEEN | |
| ☐ Water service to be removed | Meter # | Other | |

Lot Size

**MAP**

MOBILE HOME 225 LOCATED IN PARK



DIRT ROAD

DIRT ROAD

DIRT ROAD

North

Additional Comments

LOCATED IN ENDGATE MOBILE HOMEPARK ON EAST HILLSBOROUGH AVENUE.

ENTIRE INTERIOR HAS THE STENCH OF MOLD, MILDEW AND FILTH.

| ☐ Public Nuisance | | | | Inspected by: M. WILLIAMS | |
|---|---|---|---|---|---|

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Date 9/17/03 | Emergency ⦿ Yes ◯ No | Hardship ◯ Yes ⦿ No | ◯ Commercial ⦿ Residential ◯ Industrial | | |
|---|---|---|---|---|---|
| Special Project/Action File # | | | | | |

| Number 4402 | Street E HILLSBOROUGH AVE | | # Units 99 | # Floors 1 | Apt # 226 | Occupied 0 | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|---|

| Owner's Name GIFFORD WILBUR E | | Folio/Pin 154175.0000 | Condition Terminal | Material Wood | | Asbestos None Seen |
|---|---|---|---|---|---|---|

Owner's Address
11919 SUGARBERRY DR

City/State/Zip
RIVERVIEW, FL 33569

| Approximate Square Footage 720 | Percentage of Deterioration 90.0% | Repair Estimate $29,160.00 | Improved Value $500.00 | % to Value 5832% |
|---|---|---|---|---|

Hazardous Conditions    NOT TIED DOWN TO CODE, FLOORS WALLS AND CEILINGS ROTTING, HOLES IN FLOORS COVERED OVER WITH CARPET, NO RAILINGS ON FRONT STEPS,  NO STEPS AT BACK DOOR, NO SMOKE DETECTORS, OPEN ELECTRICAL WIRING, FULL OF TRASH ROTTING GARBAGE AND FLIES AND INSECTS, ENTIRE TRAILER REAKS OF MOLD, MILDEW, AND GARBAGE AND FILTH, VERY UNSANITARY.

| ◯ Occupied | ⦿ Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
|---|---|---|---|---|
| ⦿ Vacant | ◯ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage** *(Include Fire Damage)*

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ◯ 4 | ◯ 10 | ⦿ 20 |
| Exterior Walls | 20 | ◯ 4 | ◯ 10 | ⦿ 20 |
| Interior Walls | 15 | ◯ 3 | ◯ 7.5 | ⦿ 15 |
| Floor/Flooring | 10 | ◯ 2 | ◯ 5 | ⦿ 10 |
| Foundation | 20 | ◯ 4 | ⦿ 10 | ◯ 20 |
| Plumbing | 5 | ◯ 1 | ◯ 2.5 | ⦿ 5 |
| Electrical | 5 | ◯ 1 | ◯ 2.5 | ⦿ 5 |
| A/C and Heat | 5 | ◯ 1 | ◯ 2.5 | ⦿ 5 |
| Subtotals | | 0.00% | 10.00% | 80.00% |

Total Deterioration (Add Subtotals)    90.0%    Percent

| ☑ Electric drop to be removed | Meter # NO METER | Cu. Yards of Debris 10 |
|---|---|---|
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos  NONE SEEN |
| ☐ Water service to be removed | Meter # | Other |

Lot Size

**MAP**

MOBILE HOME 226 LOCATED IN PARK

Additional Comments

LOCATED IN ENDGATE MOBILE HOMEPARK ON
EAST HILLSBOROUGH AVENUE.

SEWER IS PROVIDED BY A 55 GALLON DRUM
BURIED IN THE GROUND BEHIND THE TRAILER
WHICH IS DETACHED SO SEWAGE DRAINS ON
THE GROUND, SEWAGE WASTE IS PILED ON THE
GROUND UNDERNEATH THE TRAILER.

↑
North

DIRT ROAD

DIRT ROAD

DIRT ROAD

☑ **Public Nuisance**

Inspected by: L. Padron/ D. Shelby

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Date 9/11/03 | Emergency ◉ Yes ○ No | Hardship ○ Yes ◉ No | ○ Commercial ◉ Residential ○ Industrial |
|---|---|---|---|
| Special Project/Action File # | | | |

| Number 4402 | Street E. Hillsborough Ave | # Units 1 | # Floors 1 | Apt # 230 | Occupied NO | # Hab. Rms. 1 | # Bedrms 1 |
|---|---|---|---|---|---|---|---|

| Owner's Name Wilbur E Gifford | Folio/Pin 154175.0000 | Condition Terminal | Material Steel | Asbestos None Seen |
|---|---|---|---|---|

Owner's Address
11919 Sugarberry Dr.

City/State/Zip
Riverview, Florida 33569

| Approximate Square Footage 720 | Percentage of Deterioration 80.0% | Repair Estimate $25,920.00 | Improved Value $500.00 | % to Value 5184% |
|---|---|---|---|---|

Hazardous Conditions

No hurricane tie downs, floors sagging, no electric, water or sanitary facilities.

| ○ Occupied | ◉ Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
|---|---|---|---|---|
| ◉ Vacant | ○ Secure | ☐ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage** (*Include Fire Damage*)

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ○ 10 | ◉ 20 |
| Exterior Walls | 20 | ○ 4 | ◉ 10 | ○ 20 |
| Interior Walls | 15 | ○ 3 | ◉ 7.5 | ○ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ◉ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ◉ 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| A/C and Heat | 5 | ○ 1 | ◉ 2.5 | ○ 5 |
| Subtotals | | 0.00% | 20.00% | 60.00% |

Total Deterioration (Add Subtotals)   80.0%   Percent

| ☐ Electric drop to be removed | Meter # |
|---|---|
| ☐ Gas service to be removed | Meter # |
| ☐ Water service to be removed | Meter # |

Cu. Yards of Debris  10
Sq. Ft. of Asbestos  None Seen
Other

Lot Size

**MAP**

Additional Comments

End Gate Trailer Park #230



Dirt Road

Dirt Road

Dirt Rd

Dirt Road

↑
North

☐ **Public Nuisance**

Inspected by: M. WILLIAMS

| | | | |
|---|---|---|---|
| Date 9/17/03 | Emergency ⦿ Yes ○ No | Hardship ○ Yes ⦿ No | ○ Commercial ⦿ Residential ○ Industrial |
| Special Project/Action File # | | | |

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Number 4402 | Street E HILLSBOROUGH AVE | # Units 99 | # Floors 1 | Apt # 232 | Occupied 0 | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|
| Owner's Name GIFFORD WILBUR E | | Folio/Pin 154175.0000 | Condition Terminal | Material Wood | | Asbestos None Seen | |

Owner's Address
11919 SUGARBERRY DR

City/State/Zip
RIVERVIEW, FL 33569

| Approximate Square Footage 720 | Percentage of Deterioration 90.0% | Repair Estimate $29,160.00 | Improved Value $500.00 | % to Value 5832% |
|---|---|---|---|---|

Hazardous Conditions
NO STEPS AT REAR DOOR, NO SMOKE DETECTORS,  OPEN ELECTRICAL WIRING, WALLS AND FLOORS ROTTED,  BAD FLOORING IS COVERED OVER WITH CARPET NOT TIED DOWN TO CODE, LEAKING WATER AND SEWAGE. FULL OF TRASH, GARBAGE AND FLIES, SEVERELY UNSANITARY,ENTIRE TRAILER REAKS OF MOLD, MILDEW AND THE STENCH OF FILTH.

| | | | |
|---|---|---|---|
| ○ Occupied | ⦿ Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
| ⦿ Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage** (*Include Fire Damage*)

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ⦿ 10 | ○ 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Interior Walls | 15 | ○ 3 | ○ 7.5 | ⦿ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ⦿ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| Subtotals | | 0.00% | 10.00% | 80.00% |

| Total Deterioration (Add Subtotals) | 90.0% | Percent |
|---|---|---|

| | | |
|---|---|---|
| ☑ Electric drop to be removed | Meter # NO METER | Cu. Yards of Debris 10 |
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos NONE SEEN |
| ☐ Water service to be removed | Meter # | Other |

Lot Size

**MAP**

MOBILE HOME 232 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD

North

Additional Comments
LOCATED IN ENDGATE MOBILE HOMEPARK ON EAST HILLSBOROUGH AVENUE.

ENTIRE INTERIOR HAS THE STENCH OF MOLD, MILDEW AND FILTH.

☐ Public Nuisance

Inspected by: M. WILLIAMS

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Date | 9/9/03 | Emergency | Hardship | ○ Commercial |
|---|---|---|---|---|
| | | ● Yes | ○ Yes | ● Residential |
| Special Project/Action File # | | ○ No | ● No | ○ Industrial |

| Number | 4402 | Street | E HILLSBOROUGH AVE | # Units 99 | # Floors 1 | Apt # 305 | Occupied 0 | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|---|---|

| Owner's Name | GIFFORD WILBUR E | | Folio/Pin 154175.0000 | Condition Terminal | Material Wood | Asbestos None Seen |
|---|---|---|---|---|---|---|

| Owner's Address | 11919 SUGARBERRY DR |
|---|---|

| City/State/Zip | RIVERVIEW, FL 33569 |
|---|---|

| Approximate Square Footage 720 | Percentage of Deterioration 100.0% | Repair Estimate $32,400.00 | Improved Value $500.00 | % to Value 6480% |
|---|---|---|---|---|

Hazardous Conditions
EMERGENCY ORDER, TRAILER IS SEVERELY DETERIORATED AND COLLAPSED.

| ○ Occupied | ● Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
|---|---|---|---|---|
| ● Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage (Include Fire Damage)**

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ○ 10 | ● 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ● 20 |
| Interior Walls | 15 | ○ 3 | ○ 7.5 | ● 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ● 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ● 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ● 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Subtotals | | 0.00% | 0.00% | 100.00% |

Total Deterioration (Add Subtotals)   100.0%   Percent

| ☐ Electric drop to be removed | Meter # | Cu. Yards of Debris 20 |
|---|---|---|
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos NONE SEEN |
| ☐ Water service to be removed | Meter # | Other |

Lot Size

**MAP**

MOBILE HOME 305 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD

DIRT ROAD

North

Additional Comments

LOCATED IN ENDGATE
MOBILE HOMEPARK ON EAST
HILLSBOROUGH AVENUE

Inspected by: M. WILLIAMS

☐ Public Nuisance

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Date 9/17/03 | Emergency ⦿ Yes ○ No | Hardship ○ Yes ⦿ No | ○ Commercial ⦿ Residential ○ Industrial |
|---|---|---|---|

Special Project/Action File #

| Number 4402 | Street E HILLSBOROUGH AVE | # Units 99 | # Floors 1 | Apt # 310 | Occupied 0 | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|

| Owner's Name GIFFORD WILBUR E | Folio/Pin 154175.0000 | Condition Terminal | Material Wood | Asbestos None Seen |
|---|---|---|---|---|

Owner's Address
11919 SUGARBERRY DR

City/State/Zip
RIVERVIEW, FL 33569

| Approximate Square Footage 720 | Percentage of Deterioration 72.5% | Repair Estimate $23,490.00 | Improved Value $500.00 | % to Value 4698% |
|---|---|---|---|---|

Hazardous Conditions  NOT TIED DOWN TO CODE, FLOORS SEVERELY ROTTED AND COVERED OVER WITH CARPET, NO RAILINGS ON FRONT STEPS, NO STEPS AT BACK DOOR, NO SMOKE DETECTORS, OPEELECTRICAL WIRING, FULL OF ROTTED GARBAGE, TRASH AND FLIES, TRAILER REAKS OF MOLD, MILDEW ROTTED GARBAGE AND FILTH.

| ○ Occupied | ⦿ Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
|---|---|---|---|---|
| ⦿ Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage (Include Fire Damage)**

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ⦿ 10 | ○ 20 |
| Exterior Walls | 20 | ○ 4 | ⦿ 10 | ○ 20 |
| Interior Walls | 15 | ○ 3 | ⦿ 7.5 | ○ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ⦿ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| Subtotals | | 0.00% | 27.50% | 45.00% |

Total Deterioration (Add Subtotals)   72.5%   Percent

| ☑ Electric drop to be removed | Meter # 766200 CL | Cu. Yards of Debris 10 |
|---|---|---|
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos NONE SEEN |
| ☐ Water service to be removed | Meter # | Other |

Lot Size

**MAP**

MOBILE HOME 310 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD

North

Additional Comments

LOCATED IN ENDGATE MOBILE HOMEPARK ON EAST HILLSBOROUGH AVENUE.

ELECTRICAL SERVICE IS PROVIDED THROUGH #10 UF CABLE WHICH IS PARTIALLY INSTALLED IN WATER PIPING AND PARTIALLY LAYING ON TOP OF THE GROUND

Inspected by: M. WILLIAMS

☐ Public Nuisance

| Date 9/17/03 | Emergency ● Yes ○ No | Hardship ○ Yes ● No | ○ Commercial ● Residential ○ Industrial | City of Tampa Department of Code Enforcement **Condemnation Report** |

Special Project/Action File #

| Number 4402 | Street E HILLSBOROUGH AVE | # Units 99 | # Floors 1 | Apt # 315 | Occupied 0 | # Hab. Rms. | # Bedrms |

| Owner's Name GIFFORD WILBUR E | Folio/Pin 154175.0000 | Condition Terminal | Material Wood | Asbestos None Seen |

Owner's Address 11919 SUGARBERRY DR

City/State/Zip RIVERVIEW, FL 33569

| Approximate Square Footage 720 | Percentage of Deterioration 72.5% | Repair Estimate $23,490.00 | Improved Value $500.00 | % to Value 4698% |

Hazardous Conditions NOT TIED DOWN TO CODE, FOUNDATION SLIPPING, FLOORS WALLS AND CEILINGS ROTTING, NO RAILINGS ON STEPS, NO SMOKE DETECTORS, OPEN ELECTRICAL WIRING, ELECTRICAL DEVICES HANGING OUT OF WALLS,

| ○ Occupied ● Vacant | ● Open ○ Secure | ☑ Fire Hazard ☑ Vandalized | ☑ Overgrown ☑ Unsanitary | ☐ Near School ☑ Children in Neighborhood |

### Structural Deterioration Percent of Damage (Include Fire Damage)

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ● 10 | ○ 20 |
| Exterior Walls | 20 | ○ 4 | ● 10 | ○ 20 |
| Interior Walls | 15 | ○ 3 | ● 7.5 | ○ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ● 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ● 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ● 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ● 5 |
| | Subtotals | 0.00% | 27.50% | 45.00% |

Total Deterioration (Add Subtotals) **72.5%** Percent

| ☑ Electric drop to be removed | Meter # 673037 CM | Cu. Yards of Debris 3 |
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos NONE SEEN |
| ☐ Water service to be removed | Meter # | Other |

Lot Size

### MAP

MOBILE HOME 315 LOCATED IN PARK

Additional Comments

LOCATED IN ENDGATE MOBILE HOMEPARK ON EAST HILLSBOROUGH AVENUE.

SEWER IS PROVIDED BY A 55 GALLON DRUM BURIED IN THE GROUND BEHIND THE TRAILER WHICH IS DETACHED SO SEWAGE DRAINS ON THE GROUND, SEWAGE WASTE IS PILED ON THE GROUND UNDERNEATH THE TRAILER.

North

DIRT ROAD

DIRT ROAD

DIRT ROAD

☐ **Public Nuisance**

Inspected by: M. WILLIAMS

| Date 9/17/03 | Emergency ● Yes ○ No | Hardship ○ Yes ● No | ○ Commercial ● Residential ○ Industrial | **City of Tampa** **Department of Code Enforcement** **Condemnation Report** |
|---|---|---|---|---|

Special Project/Action File #

| Number 4402 | Street E HILLSBOROUGH AVE | # Units 99 | # Floors 1 | Apt # 317 | Occupied 0 | # Hab. Rm. | # Bedrms |
|---|---|---|---|---|---|---|---|

| Owner's Name GIFFORD WILBUR E | Folio/Pin 154175.0000 | Condition Terminal | Material Wood | Asbestos None Seen |
|---|---|---|---|---|

Owner's Address
11919 SUGARBERRY DR

City/State/Zip
RIVERVIEW, FL  33569

| Approximate Square Footage 720 | Percentage of Deterioration 72.5% | Repair Estimate $23,490.00 | Improved Value $500.00 | % to Value 4698% |
|---|---|---|---|---|

Hazardous Conditions  SEVERELY DETERIORATED, OPEN ELECTRICAL WIRING, HOLES IN FLOORS COVERED OVER WITH CARPET OR LINOLEUM, FOUNDATION SLIPPING, NOT TIED DOWN TO CODE, NO SMOKE DETECTORS NO RAILINGS AT FRONT STEPS, NO STEPS AT BACK DOOR
ELECTRICAL SERVICE IS SCAVENGED FROM TRAILER 216 AT THE REAR OF UNIT. ENTIRE TRAILER STINKS OF ROTTED GARBAGE, TRASH AND SEWAGE, INFESTED WITH FLIES

| ○ Occupied | ● Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
|---|---|---|---|---|
| ● Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage (Include Fire Damage)**

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ● 10 | ○ 20 |
| Exterior Walls | 20 | ○ 4 | ● 10 | ○ 20 |
| Interior Walls | 15 | ○ 3 | ● 7.5 | ○ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ● 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ● 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ● 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Subtotals | | 0.00% | 27.50% | 45.00% |

| Total Deterioration (Add Subtotals) | 72.5% | Percent |
|---|---|---|

| ☑ Electric drop to be removed | Meter # DROP CORD | Cu. Yards of Debris 10 |
|---|---|---|
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos  NONE SEEN |
| ☐ Water service to be removed | Meter # | Other |

Lot Size

**MAP**

MOBILE HOME 317 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD

↑ North

Additional Comments

LOCATED IN ENDGATE MOBILE HOMEPARK ON EAST HILLSBOROUGH AVENUE.

SEWER IS PROVIDED THROUGH A 55 GALLON DRUM BURIED IN THE GROUND WHICH IS DETACHED AND SEWAGE WASTE IS PILED ON THE GROUND UNDERNEATH THE TRAILER.

INSTR # 2003394126

O BK 13117 PG 1240

Pgs 1240 - 1241: (2pgs)
RECORDED 09/19/2003 03:12:40 PM
RICHARD AKE CLERK OF COURT
HILLSBOROUGH COUNTY
DEPUTY CLERK C DuVall

Certified Mail #Z200220001
DATE: 09/19/03
GIFFORD WILBUR .
11919 SUGARBERRY DR
RIVERVIEW, FL 33569

RE: 4402 E HILLSBOROUGH AV, -04 Action File #03-20801   Folio # 154175.0000

# CITY OF TAMPA EMERGENCY ORDER TO DEMOLISH

An inspection of the structure located at the above address having a legal description of:

RUBENSTEIN'S SUBDIVISION REVISED MAP
BLOCK 1 AND VAC ALLEYS LYING THEREIN LESS R/W AND
BLOCK 2 AND VAC ALLEY ABUTTING ON E LESS R/W AND
THAT PT OF VAC ST LYING BTWN BLOCKS 1 AND 2 LESS
R/W AND THAT PT OF SW 1/4 OF SW 1/4 OF SE 1/4 OF
33-28-19 LYING N OF REV MAP OF RUBENSTEINS LESS N
66 FT HOL ALL BEING MORE PARTICULARLY DESC AS BEG
AT INTERS OF W BDRY OF LOT 60 OF FUNK'S HOME PK
SUB WITH N R/W OF HILLSBOROUGH AVE SD PT LYING
17 FT N OF SW COR OF SD LOT 60 THR ALG E BDRY OF
VAC ALLEY ABUTTING ON E OF BLK 2 REV MAP OF RUBEN-
STEINS AND NLY EXT OF SD BDRY N 522.7 FT TO A PT
66 FT HOL S OF N BDRY OF SW 1/4 OF SW1 /4 OF SE
1/4 OF 33-28-19 THN W 632 FT THN S TO N R/W OF
HILLSBOROUGH AVE THN E 632 FT TO POB

LOTS B, 130, 220, 223, 224
225, 226, 230, 232, 305, 310
315, 317

established that it (1) is condemnable, pursuant to Section 19-5(5) &
19-7 City Code, as confirmed by the City of Tampa ("City") Condemnation
Team, and (2) constitutes a nuisance as defined in Section 19-48 & 19-49
City Code. The City consequently ORDERS that (1) the structure be
condemned, (2) you immediately and permanently vacate the structure, and
(3) you demolish the structure and clear the property of debris by
___9/19/2003___. If you fail to demolish the structure by that date, (1)
you must remove all material and personal property from the structure
by __9/19/2003____ or the City will dispose of it pursuant to Chapter
19, City Code, and (2) City may demolish the structure at its cost
and assess a lien, superior to all other liens except tax liens, on
the property for that cost, plus a $175.00 surcharge plus interest per
annum enforceable like other city liens if unsatisfied a year from the
date this order is filed. If you fail to comply with any term
of this order, you are subject to all other penalties allowed by
law.

Pursuant to Section 19-166 of the City Code you may appeal this order to
the Code Enforcement Board within 21 days from the date this order was
served upon you. However, since an emergency order has been issued to
demolish the condemned structure pursuant to Section 19-7 of the City
Code, the structure shall, pursuant to Section 19-168 of City Code, be

Exhibit "J"          B6

demolished by the City notwithstanding said 21 day period to appeal.
Conveyance of your interest in the property while this order is pending
will not affect this order. Any person acquiring an interest in the
property takes it subject to this order.

DONE AND ORDERED this 19TH day of SEPTEMBER 2003 .

William D. Doherty Deputy Director

State of Florida
County of Hillsborough

The foregoing instrument was acknowledged before me this 19 day of SEPTEMBER 20 03, by William Doherty,
Manager of Neighborhood Improvement, who is personally known to me.

Notary Public - Signature

Notary Stamp:

DEBRA K. HANSON
Notary Public, State of Florida
My comm. exp. Nov. 28, 2003
Comm. No. DD 124579

DEBRA HANSEN
Notary Name - Type or Print

Return to:
BCS/Neighborhood Improvement
102 E. 7th Av.
Tampa, FL 33602
(813) 274-5545

Approved as to form by:

JORGE N. MARTIN
Assistant City Attorney

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

THIS IS TO CERTIFY THAT THE FOREGOING IS A
TRUE AND CORRECT COPY OF THE DOCUMENT ON
FILE IN MY OFFICE. WITNESS MY HAND AND
OFFICIAL SEAL THIS........19th.....DAY OF............
.......................20..03.

RICHARD AKE, CLERK
BY............................D.C.

B7



# CITY OF TAMPA

Pam Iorio, Mayor

Office of the City Clerk

Code Enforcement Board

## APPEAL FORM

**PLEASE NOTE: ONLY TYPEWRITTEN FORMS WILL BE ACCEPTED FOR FILING.**

FILE NO. _____     DATE RECEIVED: _____

(office use only)                         (office use only)

1. Name of Appellant: __Wilbur E. Gifford__

2. Mailing Address: __11919 Sugarberry Dr., Riverview, FL 33569__

3. Telephone Number: Day __813-760-0142__     Evening __813-760-0142__

4. Address of subject property: __4402 E. Hillsborough Ave.__

   __Tampa, FL__

5. Appellant is (check one):     __X__ Owner _____ Lessee _____ Other

   If "Other" please specify: _____

6. Action File Number: __03-20801__

7. Brief description of the nature of the appeal:

   __Appeal of Emergency Order to Demolish dated September 19, 2003__

   _____

   _____

8. Date of Code Enforcement Board decision: __N/A - Emergency Order__

   (Attach one copy of the CEB decision)

Signature of Appellant _____     Date __10/1/03__

315 East Kennedy Blvd. ◆ Tampa, Florida 33602 ◆ (813) 274-7286 ◆ FAX: (813) 274-8306

**TampaGov**
www.tampagov.net

MUNICIPAL CODE ENFORCEMENT
3RD FLOOR CITY HALL
TAMPA, FLORIDA 33602

GIFFORD WILBUR
11919 SUGARBERRY DR
RIVERVIEW, FL  33569        Action File #03-20801

    NOTICE OF PUBLIC HEARING

DATE AND PLACE: You are hereby formally notified and ordered to
OCT 0 8 2003 tahearing before a Code Enforcement Hearing Master on
_____ at 9:00 a.m. in the City Council Chambers, 3rd Floor, City
Hall 315 E. Kennedy Blvd., concerning the violation as stated on the
enclosed Affidavit of Violation.  FAILURE TO APPEAR WILL RESULT
IN THE CASE BEING HEARD IN YOUR ABSENCE.
 ORDER OF BUSINESS: All parties will be asked whether they plead
 GUILTY or NOT GUILTY. All GUILTY cases will be heard by the Hearing
Master. NOT GUILTY pleas will be rescheduled and heard by the Tampa
Municipal Code Enforcement Board on the 4th Wednesday of the same month
in which the public hearing was scheduled.
 HEARING: You will be given an opportunity to answer the charges and
to present your case. You have the right to hire an attorney, at your
own expense, to present witnesses on your behalf, and to question
witnesses.  If you are found in violation, fines may be levied up to
$500 per day against you and your property for every day that the
violation continues beyond the date on your Order. Please be prepared
to present evidence regarding the amount of time necessary to correct
the alleged violation.
 APPEALS: Any person who decides to appeal any decision of the Code
Enforcment Board with respect to any matter considered at this meeting
will need a record of the proceedings, and for such purpose, may need to
hire a court reporter to ensure that a verbatim record of the proceedings
is made, which record includes the testimony and evidence upon which the
appeal is to be based.
 REHEARING: All orders will be filed with the Clerk of the Circuit
Court the day following the meeting. The violator has ten days from
this filing to file a request for rehearing with the City Clerk's
Office. This request must be specific and must outline the rehearing
grounds. The ten day deadline for filing is based on ten calendar days
and  will notbe extended under any circumstances.
 REDUCTION OF FINE: If total compliance is achieved after the
deadline a fine will be accessed. The violator may file a request for
reduction of fine with the City Clerk's Office. The request must state
the violators name, violation and mailing address, case number, and
that the reduction is being requested. The violator will be contacted
in writing by the Clerk's Office informing him of the date his request
will be heard.
 ENFORCEMENT: If, after the noticed public hearing, a fine is imposed
by the Code Enforcement Board or Hearing Master and is not paid within
the time allowed in the Order, a certified copy of the Order may be
recorded in the public records of the county and thereafter shall
constitute a lien against the land upon which the violation exists and
upon any other real or personal property you own.  The Code Enforcement
Board may authorize the City Attorney's Office to foreclose any unpaid
lien if not satisfied within three (3) months of filing the lien.  No
lien created pursuant to the provisions of Chapter 9, City of Tampa
Code, may be foreclosed on real property which is homestead under
Section 4, Article X of the State constitution.

Exhibit "L"

R1

CONTACT on the alleged violation: Division of Neighborhood Improvement, Nora Hanson 274-5546. This violation involves Registers or Board procedures: Barbara Rigall, 274-7286.

Encl. Affidavit of Violation

CITY OF TAMPA
AFFIDAVIT OF VIOLATION
NOTIFICATION OF VIOLATION

VIOLATOR: G I F F O R D   W I L B U R .
CASE # 03-22080

MAILING ADDRESS:    11919 SUGARBERRY DR                    RIVERVIEW, FL  33569
DATE OF VIOLATION:  09/17/03

SEC/TWN/RNG:  332819
LEGAL DESCRIPTION OF PROPERTY WHERE VIOLATION OCCURRED:
RUBENSTEIN'S SUBDIVISION REVISED MAP
BLOCK 1 AND VAC ALLEYS LYING THEREIN LESS R/W AND
BLOCK 2 AND VAC ALLEY ABUTTING ON E LESS R/W AND
THAT PT OF VAC ST LYING BTWN BLOCKS 1 AND 2 LESS
R/W AND THAT PT OF SW 1/4 OF SW 1/4 OF SE 1/4 OF
33-28-19 LYING N OF REV MAP OF RUBENSTEINS LESS N
66 FT MOL ALL BEING MORE PARTICULARLY DESC AS BEG
AT INTERS OF W BDRY OF LOT 60 OF FUNK'S HOME PK
SUB WITH N R/W OF HILLSBOROUGH AVE SD PT LYING
17 FT N OF SW COR OF SD LOT 60 THN ALG E BDRY OF
VAC ALLEY ABUTTING ON E OF BLK 2 REV MAP OF RUBEN-
STEINS AND NLY EXT OF SD BDRY N 532.7 FT TO A PT
66 FT MOL S OF N BDRY OF SW 1/4 OF SW1 /4 OF SE
1/4 OF 33-28-19 THN W 632 FT THN S TO N R/W OF          13 TRAILERS
HILLSBORUGH AVE THN E 632 FT TO POB                     LOTS  B, 130, 220, 223, 224
154175.0000              Book      Page                  225, 226, 230, 232, 305
                                                         310, 315, 317

  4402 E HILLSBOROUGH AV, -04  TAMPA, FL
SECTIONS: 19-5, 19-7      ✓ HAZARDOUS EXPOSED WIRING
✓ Sanitary Facilities    ✓ Electrical Facilities    ___ Plumbing Facilities    ✓ Floors, Walls Ceiling
___ Protection Against Mosquitos    ___ Trimming of Trees/Bushes/Vines    ✓ Smoke Detectors

___ Storage/Closet Space      ___ Inoperative Vehicle      ___ Overgrowth      ___ Accumulations:
                                                                             Trash ___    Debris ___
                                                                             Garbage ___  Other ___

___ Building Numbers
___ Animals:            Fowl: _____         Insanitary  EXPOSED SEWAGE

Protection of Structure                    ___ Vacant Structure
✓ Paint ✓ Roof                                 Rental
___ Piers   ___ Rafters                    ___ Yes  ___ No
___ Floor Joists
✓ Other NO REQUIRED TIE DOWNS              Certificate of Compliance
✓ Windows, Doors                           ___ Yes  ___ No
___ Light & Vent
___ Heating Facilities                     ___ Occupied  ✓ Vacant
                                           ___ Comm'l. ✓ Res. ___ Other
Zoning _____                                      Signs _____
FACTS BEHIND VIOLATION:
09/17/03                  Initial Inspection
                          Owner notified by Certified Mail
  2200220001          ⟨ Hand Delivery Posting
09/22/03                  Reinspection of property
                          Owner notified by Certified Mail
                          Hand Delivery Posting

___ In the event subject structure is vacated during the pendency of this Notice, the exterior repairs as identified must be accompli-
shed to comply with Section 19-233 of the City of Tampa Code.
  "Occupying or causing the occupancy of this property until certified as standard is unlawful.  Chapter 19 City of Tampa Code."

R3

WITNESSES: ... I DO HEREBY SWEAR THAT THE FACTS ARE TRUE TO THE BEST OF MY KNOWLEDGE.

Dated this _7th_ day of _Octo___ , 20 03 .

_Dawn Colvin_
(Affiant)

ate of Florida, County of Hillsborough

The foregoing instrument was acknowledged before me this ___ day of _October_ 20 03

by Dawn Colvin 690-4345 Sun-Wed  who is personally known to me and did not take an oath.

_____
Notary Public

DEBRA K. HANSON
Notary Public, State of Florida
My comm. exp. Nov. 28, 2003
Comm. No. DD 124579

B4

Inspected by:  M WILLIAMS

☐ **Public Nuisance**

| | | | |
|---|---|---|---|
| Date 9/8/03 | Emergency ◉ Yes ○ No | Hardship ○ Yes ◉ No | ○ Commercial ◉ Residential ○ Industrial |
| Special Project/Action File # | | | |

### City of Tampa
### Department of Code Enforcement
# Condemnation Report

| Number 4402 | Street E HILLSBOROUGH AVE | | # Units 99 | # Floors 1 | Apt # 210 | Occupied 0 | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|---|
| Owner's Name GIFFORD WILBUR E | | Folio/Pin 154175.0000 | | Condition Terminal | Material Wood | | Asbestos None Seen | |

Owner's Address
11919 SUGARBERRY DR

City/State/Zip
RIVERVIEW, FL  33569

| Approximate Square Footage 720 | Percentage of Deterioration 100.0% | Repair Estimate $32,400.00 | Improved Value $500.00 | % to Value 6480% |
|---|---|---|---|---|

Hazardous Conditions

EMERGENCY ORDER, TRAILER IS BEING USED FOR A TRASH HOPPER. IT IS FULL OF TRASH
TRAILER HAS NO HURRICANE TIE DOWNS

| | | | | |
|---|---|---|---|---|
| ○ Occupied | ◉ Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
| ◉ Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

#### Structural Deterioration Percent of Damage (Include Fire Damage)

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ○ 10 | ◉ 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ◉ 15 |
| Interior Walls | 15 | ○ 3 | ○ 7.5 | ◉ 10 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ◉ 20 |
| Foundation | 20 | ○ 4 | ○ 10 | ◉ 5 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ◉ 5 |
| Subtotals | | 0.00% | 0.00% | 100.00% |

Total Deterioration (Add Subtotals)    100.0%    Percent

| | | |
|---|---|---|
| ☐ Electric drop to be removed | Meter # | Cu. Yards of Debris  15 |
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos   NONE SEEN |
| ☐ Water service to be removed | Meter # | Other |

Lot Size

### MAP



MOBILE HOME 210 LOCATED IN PARK

Additional Comments

LOCATED IN ENDGATE
MOBILE HOMEPARK ON EAST
HILLSBOROUGH AVENUE

DIRT ROAD

North

COMPOSITE EXHIBIT "M"

☐ **Public Nuisance**

Inspected by: M WILLIAMS

# City of Tampa
## Department of Code Enforcement
# Condemnation Report

| Date | 9/9/03 | Emergency | Hardship | ○ Commercial |
|---|---|---|---|---|
| | | ◉ Yes | ○ Yes | ◉ Residential |
| Special Project/Action File # | | ○ No | ◉ No | ○ Industrial |

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|
| 4402 | E HILLSBOROUGH AVE | 99 | 1 | 214 | 0 | | |

| Owner's Name | Folio/Pin | Condition | Material | Asbestos |
|---|---|---|---|---|
| GIFFORD WILBUR E | 154175.0000 | Terminal | Wood | None Seen |

**Owner's Address**
11919 SUGARBERRY DR

**City/State/Zip**
RIVERVIEW, FL  33569

| Approximate Square Footage | Percentage of Deterioration | Repair Estimate | Improved Value | % to Value |
|---|---|---|---|---|
| 720 | 50.0% | $16,200.00 | $500.00 | 3240% |

**Hazardous Conditions**
EMERGENCY ORDER, TRAILER IS SEVERELY DETERIORATED THROUGHOUT
TRAILER HAS NO HURRICANE TIE DOWNS

| | | | | |
|---|---|---|---|---|
| ○ Occupied | ◉ Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
| ◉ Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

## Structural Deterioration Percent of Damage (Include Fire Damage)

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ◉ 10 | ○ 20 |
| Exterior Walls | 20 | ○ 4 | ◉ 10 | ○ 20 |
| Interior Walls | 15 | ○ 3 | ◉ 7.5 | ○ 15 |
| Floor/Flooring | 10 | ○ 2 | ◉ 5 | ○ 10 |
| Foundation | 20 | ○ 4 | ◉ 10 | ○ 20 |
| Plumbing | 5 | ○ 1 | ◉ 2.5 | ○ 5 |
| Electrical | 5 | ○ 1 | ◉ 2.5 | ○ 5 |
| A/C and Heat | 5 | ○ 1 | ◉ 2.5 | ○ 5 |
| **Subtotals** | | 0.00% | 50.00% | 0.00% |

**Total Deterioration (Add Subtotals)**    50.0%    Percent

| | |
|---|---|
| ☐ Electric drop to be removed  Meter # | Cu. Yards of Debris  10 |
| ☐ Gas service to be removed  Meter # | Sq. Ft. of Asbestos  NONE SEEN |
| ☐ Water service to be removed  Meter # | Other |

Lot Size

## MAP

MOBILE HOME 214 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD

DIRT ROAD

North

**Additional Comments**

LOCATED IN ENDGATE
MOBILE HOMEPARK ON EAST
HILLSBOROUGH AVENUE

☐ Public Nuisance

Inspected by: M WILLIAMS

| Date | Emergency | Hardship | ○ Commercial | City of Tampa |
| 9/9/03 | ● Yes | ○ Yes | ● Residential | Department of Code Enforcement |
| Special Project/Action File # | ○ No | ● No | ○ Industrial | **Condemnation Report** |

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
| 4402 | E HILLSBOROUGH AVE | 99 | 1 | 216 | 0 | | |

| Owner's Name | Folio/Pin | Condition | Material | Asbestos |
| GIFFORD WILBUR E | 154175.0000 | Terminal | Wood | None Seen |

Owner's Address
11919 SUGARBERRY DR

City/State/Zip
RIVERVIEW, FL 33569

| Approximate Square Footage | Percentage of Deterioration | Repair Estimate | Improved Value | % to Value |
| 720 | 60.0% | $19,440.00 | $500.00 | 3888% |

Hazardous Conditions
EMERGENCY ORDER, TRAILER IS SEVERELY DETERIORATED THROUGHOUT
TRAILER HAS NO HURRICANE TIE DOWNS

| ○ Occupied | ● Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
| ● Vacant | ○ Secure | ☐ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

### Structural Deterioration Percent of Damage (Include Fire Damage)

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ● 10 | ○ 20 |
| Exterior Walls | 20 | ○ 4 | ● 10 | ○ 20 |
| Interior Walls | 15 | ○ 3 | ● 7.5 | ○ 15 |
| Floor/Flooring | 10 | ○ 2 | ● 5 | ○ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ● 20 |
| Plumbing | 5 | ○ 1 | ● 2.5 | ○ 5 |
| Electrical | 5 | ○ 1 | ● 2.5 | ○ 5 |
| A/C and Heat | 5 | ○ 1 | ● 2.5 | ○ 5 |
| Subtotals | | 0.00% | 40.00% | 20.00% |

| Total Deterioration (Add Subtotals) | 60.0% | Percent |

| ☑ Electric drop to be removed | Meter # | Cu. Yards of Debris | 10 |
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos | NONE SEEN |
| ☑ Water service to be removed | Meter # | Other | |

Lot Size

## MAP

MOBILE HOME 216 LOCATED IN PARK

DIRT ROAD

Additional Comments

LOCATED IN ENDGATE
MOBILE HOMEPARK ON EAST
HILLSBOROUGH AVENUE

DIRT ROAD

↑
North

DIRT ROAD     DIRT ROAD

☐ **Public Nuisance**

Inspected by:  M WILLIAMS

### City of Tampa
### Department of Code Enforcement
## Condemnation Report

| Date 9/8/03 | Emergency ● Yes ○ No | Hardship ○ Yes ● No | ○ Commercial ● Residential ○ Industrial |
|---|---|---|---|

Special Project/Action File #

| Number 4402 | Street E HILLSBOROUGH AVE | # Units 99 | # Floors 1 | Apt # 218 | Occupied 0 | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|

Owner's Name GIFFORD WILBUR E   Folio/Pin 154175.0000   Condition Terminal   Material Wood   Asbestos None Seen

Owner's Address 11919 SUGARBERRY DR

City/State/Zip RIVERVIEW, FL 33569

| Approximate Square Footage 720 | Percentage of Deterioration 100.0% | Repair Estimate $32,400.00 | Improved Value $500.00 | % to Value 6480% |
|---|---|---|---|---|

Hazardous Conditions
EMERGENCY ORDER, TRAILER IS BEING USED FOR A TRASH HOPPER. IT IS FULL OF TRASH AND DEBRIS. TRAILER HAS NO HURRICANE TIE DOWNS

| ○ Occupied ● Vacant | ● Open ○ Secure | ☑ Fire Hazard ☑ Vandalized | ☑ Overgrown ☑ Unsanitary | ☐ Near School ☑ Children in Neighborhood |
|---|---|---|---|---|

#### Structural Deterioration Percent of Damage (Include Fire Damage)

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ○ 10 | ● 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ● 20 |
| Interior Walls | 15 | ○ 3 | ○ 7.5 | ● 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ● 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ● 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ● 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Subtotals | | 0.00% | 0.00% | 100.00% |

Total Deterioration (Add Subtotals)   100.0%   Percent

| ☐ Electric drop to be removed | Meter # |
| ☐ Gas service to be removed | Meter # |
| ☐ Water service to be removed | Meter # |

Cu. Yards of Debris  10
Sq. Ft. of Asbestos   NONE SEEN
Other  10' x 10' METAL SHED TO BE REMOVED

Lot Size

### MAP

MOBILE HOME 218 LOCATED IN PARK

Additional Comments

LOCATED IN ENDGATE MOBILE HOMEPARK ON EAST HILLSBOROUGH AVENUE



DIRT ROAD

DIRT ROAD

DIRT ROAD

North

☐ **Public Nuisance**

Inspected by: M WILLIAMS

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

Date 9/9/03

Emergency ⦿ Yes ○ No

Hardship ○ Yes ⦿ No

○ Commercial
⦿ Residential
○ Industrial

Special Project/Action File #

| Number 4402 | Street E HILLSBOROUGH AVE | | # Units 99 | # Floors 1 | Apt # 310 1/2 | Occupied 0 | # Hab. Rms. | # Bedrms |

Owner's Name GIFFORD WILBUR E

Folio/Pin 154175.0000

Condition Terminal

Material Wood

Asbestos None Seen

Owner's Address 11919 SUGARBERRY DR

City/State/Zip RIVERVIEW, FL 33569

| Approximate Square Footage 720 | Percentage of Deterioration 100.0% | Repair Estimate $32,400.00 | Improved Value $500.00 | % to Value 6480% |

Hazardous Conditions
EMERGENCY ORDER, TRAILER IS SEVERELY DETERIORATED THROUGHOUT
TRAILER HAS NO HURRICANE TIE DOWNS

○ Occupied  ⦿ Open  ☑ Fire Hazard  ☑ Overgrown  ☐ Near School
⦿ Vacant   ⦿ Secure  ☑ Vandalized  ☑ Unsanitary  ☑ Children in Neighborhood

**Structural Deterioration Percent of Damage (Include Fire Damage)**

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Interior Walls | 15 | ○ 3 | ○ 7.5 | ⦿ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ⦿ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| Subtotals | 100.0% | 0.00% | 0.00% | 100.00% |

Total Deterioration (Add Subtotals)  100.0%  Percent

☐ Electric drop to be removed  Meter #
☐ Gas service to be removed  Meter #
☐ Water service to be removed  Meter #

Cu. Yards of Debris  5
Sq. Ft. of Asbestos  NONE SEEN
Other

Lot Size

**MAP**

MOBILE HOME 310 1/2 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD   DIRT ROAD

North

Additional Comments

LOCATED IN ENDGATE
MOBILE HOMEPARK ON EAST
HILLSBOROUGH AVENUE

Inspected by: M WILLIAMS

☐ **Public Nuisance**

| | | | |
|---|---|---|---|
| Date 9/9/03 | Emergency ⦿ Yes ○ No | Hardship ○ Yes ⦿ No | ○ Commercial ⦿ Residential ○ Industrial |

Special Project/Action File #

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Number 4402 | Street E HILLSBOROUGH AVE | # Units 99 | # Floors 1 | Apt # 307 | Occupied 0 | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|

| Owner's Name GIFFORD WILBUR E | Folio/Pin 154175.0000 | Condition Terminal | Material Wood | Asbestos None Seen |
|---|---|---|---|---|

Owner's Address 11919 SUGARBERRY DR

City/State/Zip RIVERVIEW, FL 33569

| Approximate Square Footage 720 | Percentage of Deterioration 50.0% | Repair Estimate $16,200.00 | Improved Value $500.00 | % to Value 3240% |
|---|---|---|---|---|

Hazardous Conditions
EMERGENCY ORDER, TRAILER IS SEVERELY DETERIORATED THROUGHOUT.
TRAILER HAS NO HURRICANE TIE DOWNS

| ○ Occupied ⦿ Vacant | ⦿ Open ○ Secure | ☑ Fire Hazard ☑ Vandalized | ☑ Overgrown ☑ Unsanitary | ☐ Near School ☑ Children in Neighborhood |
|---|---|---|---|---|

**Structural Deterioration Percent of Damage** (*Include Fire Damage*)

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ⦿ 10 | ○ 20 |
| Exterior Walls | 20 | ○ 4 | ⦿ 10 | ○ 20 |
| Interior Walls | 15 | ○ 3 | ⦿ 7.5 | ○ 15 |
| Floor/Flooring | 10 | ○ 2 | ⦿ 5 | ○ 10 |
| Foundation | 20 | ○ 4 | ⦿ 10 | ○ 20 |
| Plumbing | 5 | ○ 1 | ⦿ 2.5 | ○ 5 |
| Electrical | 5 | ○ 1 | ⦿ 2.5 | ○ 5 |
| A/C and Heat | 5 | ○ 1 | ⦿ 2.5 | ○ 5 |
| Subtotals | | 0.00% | 50.00% | 0.00% |

Total Deterioration (Add Subtotals)  50.0%  Percent

| | |
|---|---|
| ☑ Electric drop to be removed   Meter # | Cu. Yards of Debris  10 |
| ☐ Gas service to be removed   Meter # | Sq. Ft. of Asbestos  NONE SEEN |
| ☑ Water service to be removed   Meter # | Other |

Lot Size

**MAP**

MOBILE HOME 307 LOCATED IN PARK

DIRT ROAD

Additional Comments
LOCATED IN ENDGATE
MOBILE HOMEPARK ON EAST
HILLSBOROUGH AVENUE

↑ North

DIRT ROAD          DIRT ROAD

Inspected by:  M WILLIAMS

☐ **Public Nuisance**

| City of Tampa |
| Department of Code Enforcement |
| **Condemnation Report** |

| Date | 9/9/03 | Emergency | Hardship | ○ Commercial |
|------|--------|-----------|----------|---------------|
| Special Project/Action File # | | ● Yes ○ No | ○ Yes ● No | ● Residential ○ Industrial |

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|--------|--------|---------|----------|-------|----------|-------------|----------|
| 4402 | E HILLSBOROUGH AVE | 99 | 1 | 319 | 0 | | |

Owner's Name: GIFFORD WILBUR E
Folio/Pin: 154175.0000
Condition: Terminal
Material: Wood
Asbestos: None Seen

Owner's Address: 11919 SUGARBERRY DR
City/State/Zip: RIVERVIEW, FL 33569

| Approximate Square Footage | Percentage of Deterioration | Repair Estimate | Improved Value | % to Value |
|----------------------------|------------------------------|-----------------|----------------|------------|
| 720 | 100.0% | $32,400.00 | $500.00 | 6480% |

Hazardous Conditions: EMERGENCY ORDER, TRAILER IS SEVERELY DETERIORATED THROUGHOUT. TRAILER HAS NO HURRICANE TIE DOWNS

○ Occupied   ○ Open   ☑ Fire Hazard   ☑ Overgrown   ☐ Near School
● Vacant   ● Secure   ☑ Vandalized   ☑ Unsanitary   ☑ Children in Neighborhood

### Structural Deterioration Percent of Damage (Include Fire Damage)

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|-----------|----------------------|------------|------------|-----------------|
| Roof/Trusses | 20 | ○ 4 | ○ 10 | ● 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ● 20 |
| Interior Walls | 15 | ○ 3 | ○ 7.5 | ● 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ● 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ● 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ● 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ● 5 |
| Subtotals | | 0.00% | 0.00% | 100.00% |

Total Deterioration (Add Subtotals)   100.0%   Percent

☐ Electric drop to be removed   Meter #
☐ Gas service to be removed   Meter #
☐ Water service to be removed   Meter #

Cu. Yards of Debris  5
Sq. Ft. of Asbestos  NONE SEEN
Other

Lot Size

### MAP

MOBILE HOME 319 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD

DIRT ROAD

↑
North

Additional Comments

LOCATED IN ENDGATE MOBILE HOMEPARK ON EAST HILLSBOROUGH AVENUE

Inspected by:  M WILLIAMS

☐ **Public Nuisance**

| | | | | |
|---|---|---|---|---|
| Date  9/9/03 | Emergency ● Yes ○ No | Hardship ○ Yes ● No | ○ Commercial ● Residential ○ Industrial | **City of Tampa** **Department of Code Enforcement** **Condemnation Report** |
| Special Project/Action File # | | | | |

| Number 4402 | Street  E HILLSBOROUGH AVE | # Units 99 | # Floors 1 | Apt # 321 | Occupied 0 | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|

| Owner's Name  GIFFORD WILBUR E | Folio/Pin  154175.0000 | Condition  Terminal | Material  Wood | Asbestos  None Seen |
|---|---|---|---|---|

Owner's Address
11919 SUGARBERRY DR

City/State/Zip
RIVERVIEW, FL. 33569

| Approximate Square Footage 720 | Percentage of Deterioration  60.0% | Repair Estimate  $19,440.00 | Improved Value  $500.00 | % to Value  3888% |
|---|---|---|---|---|

Hazardous Conditions
EMERGENCY ORDER, TRAILER IS SEVERELY DETERIORATED THROUGHOUT.
TRAILER HAS NO HURRICANE TIE DOWNS

| | | | | |
|---|---|---|---|---|
| ○ Occupied | ● Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
| ● Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage** *(Include Fire Damage)*

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ● 10 | ○ 20 |
| Exterior Walls | 20 | ○ 4 | ● 10 | ○ 20 |
| Interior Walls | 15 | ○ 3 | ● 7.5 | ○ 15 |
| Floor/Flooring | 10 | ○ 2 | ● 5 | ○ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ● 20 |
| Plumbing | 5 | ○ 1 | ● 2.5 | ○ 5 |
| Electrical | 5 | ○ 1 | ● 2.5 | ○ 5 |
| A/C and Heat | 5 | ○ 1 | ● 2.5 | ○ 5 |
| Subtotals | | 0.00% | 40.00% | 20.00% |

Total Deterioration (Add Subtotals)    60.0%    Percent

| | | |
|---|---|---|
| ☑ Electric drop to be removed | Meter # | Cu. Yards of Debris  5 |
| ☐ Gas service to be removed | Meter # | Sq. Ft. of Asbestos  NONE SEEN |
| ☑ Water service to be removed | Meter # | Other |

Lot Size

**MAP**

MOBILE HOME 321 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD

DIRT ROAD

North

Additional Comments
LOCATED IN ENDGATE
MOBILE HOMEPARK ON EAST
HILLSBOROUGH AVENUE

☐ **Public Nuisance**

Inspected by: M WILLIAMS

**City of Tampa**
**Department of Code Enforcement**
**Condemnation Report**

| Date | 9/9/03 | Emergency | Hardship | ○ Commercial |
|---|---|---|---|---|
| Special Project/Action File # | | ⦿ Yes  ○ No | ○ Yes  ⦿ No | ⦿ Residential  ○ Industrial |

| Number | Street | # Units | # Floors | Apt # | Occupied | # Hab. Rms. | # Bedrms |
|---|---|---|---|---|---|---|---|
| 4402 | E HILLSBOROUGH AVE | 99 | 1 | 335 | 0 | | |

| Owner's Name | Folio/Pin | Condition | Material | Asbestos |
|---|---|---|---|---|
| GIFFORD WILBUR E | 154175.0000 | Condemned | Wood | None Seen |

Owner's Address
11919 SUGARBERRY DR

City/State/Zip
RIVERVIEW, FL 33569

| Approximate Square Footage | Percentage of Deterioration | Repair Estimate | Improved Value | % to Value |
|---|---|---|---|---|
| 720 | 100.0% | $32,400.00 | $500.00 | 6480% |

Hazardous Conditions
EMERGENCY ORDER, TRAILER IS SEVERELY DETERIORATED THROUGHOUT.
TRAILER HAS NO HURRICANE TIE DOWNS

| | | | |
|---|---|---|---|
| ○ Occupied | ⦿ Open | ☑ Fire Hazard | ☑ Overgrown | ☐ Near School |
| ⦿ Vacant | ○ Secure | ☑ Vandalized | ☑ Unsanitary | ☑ Children in Neighborhood |

**Structural Deterioration Percent of Damage** *(Include Fire Damage)*

| Component | Percent of Structure | Minor (.2) | Major (.5) | Substantial (1) |
|---|---|---|---|---|
| Roof/Trusses | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Exterior Walls | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Interior Walls | 15 | ○ 3 | ○ 7.5 | ⦿ 15 |
| Floor/Flooring | 10 | ○ 2 | ○ 5 | ⦿ 10 |
| Foundation | 20 | ○ 4 | ○ 10 | ⦿ 20 |
| Plumbing | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| Electrical | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| A/C and Heat | 5 | ○ 1 | ○ 2.5 | ⦿ 5 |
| Subtotals | | 0.00% | 0.00% | 100.00% |

Total Deterioration (Add Subtotals)   100.0%   Percent

| | |
|---|---|
| ☐ Electric drop to be removed   Meter # | Cu. Yards of Debris  5 |
| ☐ Gas service to be removed   Meter # | Sq. Ft. of Asbestos   NONE SEEN |
| ☐ Water service to be removed   Meter # | Other |

Lot Size

**MAP**

MOBILE HOME 335 LOCATED IN PARK

DIRT ROAD

DIRT ROAD

DIRT ROAD   DIRT ROAD

North

Additional Comments

LOCATED IN ENDGATE
MOBILE HOMEPARK ON EAST
HILLSBOROUGH AVENUE

PAGE  05
GIFFORD



# CITY OF TAMPA

Pam Iorio, Mayor

Office of the City Clerk

Code Enforcement Board

## APPEAL FORM

**PLEASE NOTE: ONLY TYPEWRITTEN FORMS WILL BE ACCEPTED FOR FILING.**

FILE NO. _____      DATE RECEIVED: _____
                (office use only)                                              (office use only)

1. Name of Appellant:   Wilbur E. Gifford

2. Mailing Address:   11919 Sugarberry Dr., Riverview, FL 33569

3. Telephone Number: Day 813-760-0142      Evening 813-760-0142

4. Address of subject property:   4402 E. Hillsborough Ave.

          Tampa, FL

5. Appellant is (check one):   X  Owner ___ Lessee ___ Other

   If "Other" please specify: _____

6. Action File Number:   03-19734

7. Brief description of the nature of the appeal:

   Appeal of Emergency Order to Demolish dated September 10, 2003

8. Date of Code Enforcement Board decision:   N/A - Emergency Order

   (Attach one copy of the CEB decision)

Signature of Appellant _____   Date 10/1/03

315 East Kennedy Blvd. • Tampa, Florida 33602 • (813) 274-7286 • FAX: (813) 274-8306

**TampaGov**
www.tampagov.net

TOTAL  P.02

A 5

MUNICIPAL CODE ENFORCEMENT
3RD FLOOR CITY HALL
TAMPA, FLORIDA 33602

GIFFORD WILBUR E .
11919 SUGARBERRY DR
RIVERVIEW, FL  33569          Action File #03-19734   7

## NOTICE OF PUBLIC HEARING

DATE AND PLACE: You are hereby formally notified and ordered to
appear at a hearing before a Code Enforcement Hearing Master on
**OCT 08 2003**       at 9:00 a.m. in the City Council Chambers, 3rd Floor, City
Hall 315 E. Kennedy Blvd., concerning the violation as stated on the
enclosed Affidavit of Violation.   FAILURE TO APPEAR WILL RESULT
IN THE CASE BEING HEARD IN YOUR ABSENCE.

ORDER OF BUSINESS: All parties will be asked whether they plead
GUILTY or NOT GUILTY. All GUILTY cases will be heard by the Hearing
Master.  NOT GUILTY pleas will be rescheduled and heard by the Tampa
Municipal Code Enforcement Board on the 4th Wednesday of the same month
in which the public hearing was scheduled.

HEARING: You will be given an opportunity to answer the charges and
to present your case. You have the right to hire an attorney, at your
own expense, to present witnesses on your behalf, and to question
witnesses.  If you are found in violation, fines may be levied up to
$500 per day against you and your property for every day that the
violation continues beyond the date on your Order. Please be prepared
to present evidence regarding the amount of time necessary to correct
the alleged violation.

APPEALS: Any person who decides to appeal any decision of the Code
Enforcement Board with respect to any matter considered at this meeting
will need a record of the proceedings, and for such purpose, may need to
hire a court reporter to ensure that a verbatim record of the proceedings
is made, which record includes the testimony and evidence upon which the
appeal is to be based.

REHEARING: All orders will be filed with the Clerk of the Circuit
Court the day following the meeting. The violator has ten days from
this filing to file a request for rehearing with the City Clerk's
Office. This request must be specific and must outline the rehearing
grounds. The ten day deadline for filing is based on ten calendar days
and will not be extended under any circumstances.

REDUCTION OF FINE: If total compliance is achieved after the
deadline a fine will be accessed. The violator may file a request for
reduction of fine with the City Clerk's Office. The request must state
the violators name, violation and mailing address, case number, and
that the reduction is being requested. The violator will be contacted
in writing by the Clerk's Office informing him of the date his request
will be heard.

ENFORCEMENT: If, after the noticed public hearing, a fine is imposed
by the Code Enforcement Board or Hearing Master and is not paid within
the time allowed in the Order, a certified copy of the Order may be
recorded in the public records of the county and thereafter shall
constitute a lien against the land upon which the violation exists and
upon any other real or personal property you own.  The Code Enforcement
Board may authorize the City Attorney's Office to foreclose any unpaid
lien if not satisfied within three (3) months of filing the lien.  No
lien created pursuant to the provisions of Chapter 9, City of Tampa
Code, may be foreclosed on real property which is homestead under
Section 4, Article X of the State constitution.

Composite Exhibit "P"

A1

Shed to ... Case 8:08-cv-00112-EAK-TGW Document 2 Filed 01/17/08 Page 98 of 98 PageID 211

"Occupying or causing the occupa... of this property until certified as standar... is unlawful. Chapter 19 City of Tampa Code."

WITNESSES TO VIOLATION: (INSPECTOR)Dawn Colvin 690-4345 Sun-Wed     102 E. Seventh Avenue

Dated this 7th day of October ,2003 , I DO HEREBY SWEAR THAT THE ABOVE FACTS ARE TRUE TO THE BEST OF MY KNOWLEDGE.

(Affiant)

tate of Florida, County of Hillsborough

The foregoing instrument was acknowledged before me this 7th day of October 20 23

by Dawn Colvin 690-4345 Sun-Wed   who is personally known to me and did not take an oath.

Notary Public

DEBRA K. HANSON
Notary Public, State of Florida
My comm. exp. Nov. 28, 2003
Comm. No. DD 124579

A 4